**POWELL ELECTRICAL MANUFACTUR-
ING COMPANY, INC., et al.,
Appellants,**

v.

**Harley H. WILLIAMS et al., Appellees.**

**No. 1053.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 23, 1974.

William M. Schultz, Houston, for appellants.

Max H. Jennings, Clawson & Jennings, Perry G. Gathright, Gathright & Lucas, C. Dudley Dearman, Weaver & Dearman, Houston, for appellees.

TUNKS, Chief Justice.

In 1968 Harley H. Williams and Charles Bundick were the owners of the stock of Magnetic Industries, Inc., a Texas corporation. They sold their stock in that corporation to Powell Electrical Manufacturing Company, Inc. Along with that sale they each entered into a five year contract of employment with Powell under which they agreed not to compete with Powell for five years after the termination of their employment. Thereafter Magnetic Industries, Inc. was dissolved, and a new corporation named Powell Magnetic Industries was formed. It became a wholly owned subsidiary of Powell Electrical Manufacturing Company, Inc. The subsidiary took over the operations of the dissolved corporation. Both the parent and subsidiary will be referred to herein as "Powell."

Williams and Bundick, before the end of their employment contract with Powell, organized a new corporation named Magnetic Industries, Inc. When their contractual employment term ended they quit Powell

and went into competition with it through the medium of the new corporation, Magnetic Industries, Inc. (herein referred to as Magnetic). Powell filed suit in the District Court of Harris County seeking temporary and permanent injunctions enjoining Williams and Bundick from breaching their non-competition agreement. The trial court's judgment granting the temporary injunction was affirmed by this Court. *See* Williams v. Powell Electrical Mfg. Co., Inc., 508 S.W.2d 665 (Tex.Civ. App.—Houston 14th Dist. 1974, no writ).

On the day after the trial court rendered its judgment granting temporary injunction against Williams and Bundick, Williams sold all of the stock in the new Magnetic Industries, Inc. to Lloyd G. McDonald, Jr., a chemical and electrical engineer who had no prior connections with Powell. McDonald knew of the injunction against Williams and Bundick. The consideration to Williams for this sale was represented by McDonald's demand promissory note in the principal amount of $30,000. Williams and McDonald both testified that at the time of the transaction they orally agreed that the note was to be paid only from such profit as McDonald received from the operation of Magnetic, presumably by way of dividends. At the time of the transaction Williams said that he had about $20,000 invested in the corporation.

At the time of the sale of stock from Williams to McDonald the net assets of the corporation were considerably less than $20,000. It had $6,000 in the bank, but of that sum $5,000 was borrowed on a note of which both the corporation and Williams were makers. (That note was later paid by the corporation.) The other $1,000 was paid in by Williams for stock in order to empower the corporation to begin its business. Tex.Bus.Corp.Act Ann. art. 3.05, subd. A, V.A.T.S. (1956). The corporation had a month-to-month rental agreement on a building in which to operate its business. It had ordered about $10,000 worth of components to be used in the manufacture of control systems. These parts had not been paid for and the corporation and Williams were jointly liable for their payment. The parts were later paid for by the corporation. The corporation had certain fixtures for which Williams had paid about $2,000. Williams had paid the expense of organizing the corporation. Thus, it is quite apparent that the net assets of the corporation were less than $20,000 and that Williams had less than $20,000 invested in the corporation. This deficiency, however, was later somewhat made up by Williams' unilateral deposit of $11,000 to the corporation's account. He said that he did this so that the corporation would have money with which to pay for the ordered parts, for which he was jointly liable.

At a later date Magnetic developed a need for more working capital. To meet that need Williams co-signed a note by which the corporation borrowed $10,000. This was held by the trial court to be a violation of its prior injunctive order and Williams was fined $1,000 as punishment for contempt of court.

After Powell learned of the arrangement between Williams and McDonald, it amended its original petition in its suit against Williams and Bundick so as to name Magnetic Industries, Inc., McDonald, Robert Whatley, and Robert Marvin Moss, Jr., as additional defendants. In the amended petition it asked that Magnetic be enjoined from engaging in competitive business, that all the new defendants be enjoined from aiding Williams' and Bundick's violation of their non-competition agreements, and that all of the new defendants be enjoined from using manufacturing methods or customer lists used by Powell and obtained by them from Williams and Bundick.

Whatley is a former employee of Powell who had quit and gone to work for Magnetic. Whatley had not entered into any non-competition agreement with Powell. Moss is a consulting engineer who had previously done design work for Powell

and who had no non-competition agreement. The design of the control devices assembled and sold by Powell is not a trade secret. There are several companies in the United States that make and sell them. They are made by assembling components which are readily available from many sources. The customers of Powell are major oil companies. A list of them is set out in the original temporary injunction against Williams and Bundick, who are there enjoined from soliciting business from them.

The trial court, after a hearing, refused to enlarge its original temporary injunction by enjoining the new defendants as prayed for by Powell. Powell has appealed from that order of refusal.

■ As to the appellees Whatley and Moss this appeal seems to present no serious question. They had no non-competition agreement with Powell. They did not learn from their former employment by Powell any trade secrets, customer lists, or procedures that are not generally known within the industry. Neither of them was employed by Powell to call on or have any other significant contact with Powell's customers or the sales representatives used by Powell in marketing its product. They are not shown to have had anything to do with the organization of or the capitalization of Magnetic. There is no showing that they, in their acceptance of employment with Magnetic, had knowledge either of the injunction against Williams or of Williams' participation in the affairs of Magnetic. The scope of the appellate court's review of an order granting or denying a temporary injunction " . . . is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion." Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S. W.2d 589 (1962). By that test the trial court was fully justified in denying the injunction as against Whatley and Moss, thus leaving them free to engage in the business of manufacturing and selling the control systems in question.

■ As to the new defendants, Magnetic and McDonald, more difficult questions are presented. Williams' covenant not to compete with Powell was a valid, enforceable agreement. See Williams v. Powell Electrical Mfg. Co., Inc., *supra*. (Bundick is no longer associated with any of these parties and there is no evidence that he is competing or threatening to compete with Powell, either directly or indirectly.) The temporary injunction that the trial court granted against Williams was binding not only upon him, but also against "those persons in active concert or participation with" him who had notice of the injunction. Texas Rules of Civil Procedure, rule 683. Under the facts of this case the arrangement between Williams and McDonald was probably a violation by them of the injunction already issued against Williams. Williams organized Magnetic for a purpose which constituted competition with Powell. He was its sole ·shareholder. He solicited Powell's customers for orders in behalf of Magnetic. He used his funds and his credit to furnish the original operating capital for Magnetic. He turned his shares over to McDonald under the terms of an agreement whereby he will participate in the profits of the corporation to the extent of $30,000. The trial court could have temporarily enjoined Magnetic from operating in competition if Powell showed that it had a probable right and that it would probably suffer a damage from such competition. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953). Here Powell had a right not to have Williams and those who were in "active concert or participation" with him from engaging in competition. That right has been judicially determined. Under the admitted and uncontroverted facts Magnetic is in "active concert or participation" with Williams in competing with Powell. Magnetic's continuation of that competition will inevitably result in damage to Powell and

be detrimental to Powell's judicially determined rights. The right here asserted by Powell is not just "probable," but is one that has been judicially determined. The injury Powell is seeking to avoid is not just "probable," but under the facts of this case, will inevitably result from Magnetic's continued operation in competition with Powell. The trial court should have granted Powell's petition that the original temporary injunction be broadened so as to include Magnetic as an enjoined party.

■ McDonald, however, is in a different stance. He is not party to any non-competition agreement with Powell. The wrong done and threatened by him is the continued use of the instrumentality, Magnetic, which was created and made capable of competing with Powell by Williams. The trial court was not obliged to broaden its original injunction so as to prohibit McDonald from operating any business in competition with Powell. Powell's contractual right that Williams not compete with it would be protected by an order enjoining McDonald from conducting such a competing business through the medium of Magnetic Industries, Inc.

That portion of the trial court's judgment wherein there was a denial of the petition to broaden the temporary injunction to include the defendants Robert W. Whatley and Robert M. Moss, Jr., is affirmed. That portion of the trial court's judgment denying the injunction sought against the defendants Magnetic Industries, Inc., and Lloyd G. McDonald, Jr., is reversed and remanded. The trial court is instructed to render judgment enjoining the defendant Magnetic Industries, Inc., in the same terms as the original injunction against Williams and Bundick. The trial court is further instructed to temporarily enjoin the defendant Lloyd G. McDonald from conducting such a competitive business through the medium of the corporation, Magnetic Industries, Inc. The trial court shall require such bond as, in its discretion, shall seem proper in amount. Costs attributable to the hearing in the trial court of the petition to broaden the injunction and costs of this appeal are adjudged against the appellees, Magnetic Industries, Inc., and Lloyd G. McDonald, Jr.

Affirmed in part and in part reversed and remanded with instructions.