**LPC LEASING, INC., et al., Appellants,**

v.

**Charles E. SMITH et al., Appellees.**

**No. 1618.**

Court of Civil Appeals of Texas, 14th Supreme Judicial District.

April 20, 1977.

John L. Carter, Vinson & Elkins, Houston, for appellants.

David D. Peden, Jr., Sheldon E. Richie, Richie, Greenburg & Brackman, Houston, for appellees.

CIRE, Justice.

This is an appeal from an order denying a temporary injunction.

On February 12, 1975 three of the appellants, LPC Leasing, Inc., Lucey Products Co., and Robert W. Nygren, trustee, entered into a conveyance, transfer, and assignment agreement with Thunderbird Airways, Inc. (Old Thunderbird), Charles E. Smith, Trudy Cooper, and J. H. Rose Truck Line, Inc. (Truck), wherein the three appellants purchased all the assets and assumed all of the liabilities of Old Thunderbird. Prior to the conveyance Smith was employed by Old Thunderbird as vice-president and Cooper was employed as its secretary. Each owned five percent of the stock. The business of Old Thunderbird consisted of operating a Learjet charter and taxi business at Hobby Airport in Houston, Texas. Smith and Cooper had actually been running the business.

In the contract conveying the assets and liabilities of Old Thunderbird, Smith and Cooper are individually named in several paragraphs: Corporate Authorization and Title, Tax Matters, Litigation, Compliance with the Laws, Additional Facts, Proprietary Rights, Labor Disputes, and Nature of Liability. They are not named in paragraph (8) which stated:

Grantor [Old Thunderbird] and Truck hereby covenant and agree not to compete with LPC, LUCEY or Trustee, or with any affiliates thereof, directly or indirectly, for a period of five (5) years, in the air taxi or charter business. Grantor and Truck shall further undertake to insure that no officers, directors or shareholders thereof so compete during said term.

The contract was signed by J. E. Rose as president of Thunderbird Airways, Inc. and Smith and Cooper individually and by Rose as president of J. H. Rose Truck Lines, Inc.

The agreement transferred the assets of Old Thunderbird to LPC Leasing and Kujon Airways. Kujon's name was then changed to Thunderbird Airways (New Thunderbird). It is the other appellant in this cause.

Shortly before the transfer, Smith and Cooper had gone to work for Kujon. They continued to work for New Thunderbird, its successor, for almost a year. Their employment was terminated in early 1976 and they started an air taxi and charter business at Hobby Airport under the name of Global Airways, Inc. They own 100 percent of the stock of this corporation. Appellants filed their lawsuit to enjoin the operation of Global's business, claiming it was a violation of the non-competition covenant in the February 12, 1975 agreement. Appellees stipulated that they were in the air taxi-charter business, but denied that they were bound by the covenant in the February 12 agreement. The trial court agreed with appellees and denied the request for a temporary injunction.

Appellants appeal on two points of error. Their first point contends that:

The trial court erred in holding that officers, directors, and stockholders of a dissolved corporation are not bound by that corporation's covenant not to compete when the dissolved corporation has also covenanted to undertake to insure that its officers, directors, and shareholders will also be bound by the covenant not to compete.

■ Appellants frankly admit that Smith and Cooper were not named in paragraph (8) of the conveyance because of the restrictions placed on covenants not to compete. A covenant not to compete must be ancillary to another undertaking, such as an employment contract, an agreement for the sale of assets of the business, or a settlement agreement. *Justin Belt Co., Inc. v. Yost*, 502 S.W.2d 681 (Tex.1973). Here, there was no settlement agreement and Smith and Cooper were not conveying the assets of a business or entering into a contract of employment with appellants. Appellants, however, contend that a corporation can only act through its officers, board

of directors, or stockholders, and since the corporation covenanted not to compete, the appellees as shareholders and officers of the corporation are bound by such covenant. Appellants, in effect, attempt to do indirectly what the law does not permit to be done directly. The fallacy in appellants' argument is that while the corporation is bound by the covenant, and appellees would be bound if they were still officers or employees of the corporation acting in such capacity, it does not follow that they are bound as individuals.

Appellants rely on *Powell Elec. Mfg. Co., Inc. v. Williams*, 515 S.W.2d 156 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ) to support their position in this case. There, this court held that an injunction prohibiting an individual from competing would preclude the individual's use of a corporation to compete with his former employer. Judge Tunks, at 158–59, held that:

> The temporary injunction that the trial court granted against Williams was binding not only upon him, but also against "those persons in active concert or participation with" him who had notice of the injunction. Texas Rules of Civil Procedure, rule 683. Under the facts of this case the arrangement between Williams and McDonald was probably a violation by them of the injunction already issued against Williams. Williams organized Magnetic for a purpose which constituted competition with Powell. He was its sole shareholder. He solicited Powell's customers for orders in behalf of Magnetic. He used his funds and his credit to furnish the original operating capital for Magnetic. He turned his shares over to McDonald under the terms of an agreement whereby he will participate in the profits of the corporation to the extent of $30,000.
>
> *    *    *    *    *    *
>
> The trial court should have granted Powell's petition that the original temporary injunction be broadened so as to include Magnetic as an enjoined party.

The appellees here are not officers, agents, servants, or employees of Old Thunderbird, nor are they in active concert or participation with it.

It is true that Old Thunderbird and J. H. Rose Truck Lines agreed to "undertake to insure that no officers, directors or shareholders thereof so compete . . . ." However, whether those parties breached such agreement is not a part of this controversy, and such agreement cannot bind Smith and Cooper individually.

Appellees correctly point out that had appellants desired such a covenant with Smith and Cooper they could have legally and correctly secured it at the time Smith and Cooper accepted employment with Kujon (New Thunderbird).

In their second point of error, appellants complain that the trial court erred in refusing to admit into evidence plaintiffs' exhibit number two. This was a letter, written before the execution of the agreement. Appellants claim this letter established that appellees Smith and Cooper understood that they had agreed not to compete with appellants. There was no error in the exclusion of such letter. It would only be material if the contract was ambiguous, and we find no ambiguity.

Affirmed.