RESOLUTION TRUST CORPORATION,
Plaintiff,

v.

John BONNER, et al., Defendants.

Civ. A. No. H–92–430.

United States District Court,
S.D. Texas,
Houston Division.

March 31, 1994.

Francisco G. Medina, Medina & Associates, Houston, TX, Stewart R. Werner, Amarillo, TX, Carolyn P. Perry, Washington, DC, John E. Hubbard, Omaha, NE, Kathleen M. Quinn, Kutak Rock, Omaha, NE, David Mullin, Mullin Hoard & Brown, Amarillo, TX, Jonathan S. Miller, Mullin Hoard & Brown, Amarillo, TX, for plaintiff Resolution Trust Corp., and University Federal Sav. Ass'n and Resolution Trust Corp., consolidated plaintiffs.

Bradford Wald Irelan, Houston, TX, for defendant John Bonner.

B. Thomas Cook, Bracewell & Patterson, Houston, TX, for defendants Wayne D. Johnson, Kenneth Montague, Thomas Boudreaux.

Paul J. McConnell, III, De Lange Hudspeth & Pitman, Houston, TX, for defendants Jean Farley, J. Richard Collier.

Edward B. McDonough, McDonough & Associates, Houston, TX, for defendant James Fatheree.

James Fatheree, pro se.

William Greenwood, pro se.

David T. Hedges, Jr., Vinson & Elkins, Houston, TX, for defendants O. Holcombe Crosswell, Jack Grundy.

Anne M. Rodgers, Fulbright & Jaworski, Houston, TX, for defendant Jackson C. Hinds.

Russell B. Starbird, Gibbs & Ratliff, Houston, TX, for defendant Sam J. Jeffrey.

Donald J. McCartney, Zuckerman Spaeder Goldstein Taylor & Kolker, Baltimore, MD, for defendant Patrick W. Lenahan.

Douglas A. Samuelson, Grant Cook, Keck Mahin & Cate, Houston, TX, for defendant Michael D. Porter.

Clint C. Small, Jr., pro se.

Thomas H. Watkins, William B. Hilgers, Hilgers & Watkins, Austin, TX, for defendant David R. Wilson.

Brett A. Ringle, Dallas, TX, George T. Manning, Washington, DC, for defendants Entex, Inc., Arkla, Inc.

Stephen E. McConnico, Scott Douglass & Luton, Austin, TX, for defendants Small Craig Werkenthin, Small Craig & Werkenthin, James M. Alsup, Edward O. Coultas, Byron E. Cox, Beryl P. Crowley, Stephen Greenberg, Royce J. Hailey, Jr., Charles F. Herring, Jr., Kevin Holcomb, Jess M. Irwin, III, Brandon C. Janes, Neal T. Jones, Charles B. Kreutz, James M. Martin, Robert B. Neblett, III, James M. Nias, Larry W. Langley, Dennis R. Reese, Thomas T. Rogers, Thomas F. Sedberry, Clint C. Small, Jr., Edward C. Small, Lawrence S. Smith, Fred B. Werkenthin, Will R. Wilson, Jr., D. Hull Youngblood, Tom D. Stephens and J. Rodney Varner.

William Wesley Ogden, Jr., Ogden Gibson & White, Houston, TX, for movant Houston Chronicle.

C. Clint Adams, Dallas, TX, for movant Enserch Exploration, Inc.

David J. Beck, Beck Redden & Secrest, Houston, TX, for third-party defendant Baker & Botts.

David E. Kendall, Martin C. Calhoun, Williams & Connolly, Washington, DC, for third-party defendant Arthur & Anderson.

Thomas Frederick Jones, III, Houston, TX, for third-party defendant Walsh, Squires & Tom.

## ORDER

HITTNER, District Judge.

Pending before the Court is the motion for summary judgment (Documents # 239) filed by the following defendants: James M. Alsup, Edward O. Coultas, Byron E. Cox, Beryl P. Crowley, Stephen Greenberg, Royce J. Hailey, Jr., Charles F. Herring, Jr., Kevin Holcomb, Jess M. Irwin, III, Brandon C. Janes, Neal T. Jones, Charles B. Kreutz, Larry W. Langley, James M. Martin, Robert B. Neblett III, James M. Nias, Dennis R. Reese, Thomas T. Rogers, Thomas F. Sedberry, Edward C. Small, Lawrence S. Smith, Tom D. Stephens, J. Rodney Varner, Fred B. Werkenthin, Will R. Wilson, Jr., and D. Hull Youngblood (hereinafter the "individual partners"), all of whom are former partners of Small, Craig & Werkenthin ("SCW"), a partnership in dissolution. Having considered the motion, the submissions on file, and the applicable law, the Court determines that the individual partners' motion for summary judgment should be granted.

In February 1992, the Resolution Trust Corporation ("RTC"), as receiver of University Federal Savings Association, filed the instant action against the former directors and/or officers of University Savings Association ("University") and/or Entex, Inc. ("Entex"), against Entex in its capacity as the former controlling shareholder of University, and against Arkla, Inc. as the successor in interest to Entex. Among the former directors being sued by the RTC is Clint C. Small ("Small") who is also a former partner of SCW.

In November 1992, the RTC filed an action against SCW, the individual partners, and Small in his capacity as a former partner of SCW, alleging breach of fiduciary duty, professional malpractice, aiding and abetting breach of fiduciary duty, and vicarious liability. These claims arise out of Small's alleged wrongdoing as a director of University and are based upon fourteen specific transactions entered into on behalf of University.

By order dated June 3, 1993, this Court granted summary judgment in favor of SCW and the individual partners on the RTC's claim insofar as it concerned twelve of the fourteen transactions on which the instant action is based.[1] As for the RTC's claim relating to the remaining two transactions

---

1. The twelve transactions on which SCW did no legal work involve the (1) JAB Development Corporation and Welborn Enterprises, Inc.; (2) Inter Urban (Stacy Road) Ltd.; (3) Sealy Land, Richey Point and J.R. McConnell; (4) Richey Point; (5) J.R. McConnell; (6) Nottingham Joint Venture; (7) Eugene Branscomb/Katy Freeway Joint Venture; (8) Falcon Ridge; (9) Dearborn Corporation; (10) Westbourne Joint Venture/Robert C. Lanier Loan; (11) Cypress Estates, Inc.; and (12) Lan Bentsen Loan.

The only two transactions on which SCW did some legal work are (1) the Elridge Parkway and Parkway Plaza Joint Ventures, and (2) the Change of Control Transaction.

(i.e., (1) the Elridge Parkway/Parkway Plaza Joint Ventures, and (2) the Change of Control Transaction), the individual partners moved for summary judgment based on the statute of limitations. The Court deferred ruling on the motion for summary judgment pending the submission of supplemental memoranda of law by both parties addressing the issue of when the RTC's claim relating to the Elridge Parkway/Parkway Plaza Joint Ventures and the Change of Control Transaction accrued.

Through its memorandum of law, the RTC argues that, under 12 U.S.C. § 1821(d)(14), the causes of action relating to the Elridge Parkway/Parkway Plaza Joint Ventures and the Change of Control Transaction accrued on February 10, 1989, the date the Federal Home Loan Bank Board ("FHLBB") was appointed conservator. Through their memorandum of law, the individual partners do not dispute that the claims relating to the two transactions at issue are deemed to have accrued on the date the FHLBB was appointed conservator for purposes of § 1821(d)(14). Therefore, pursuant to the agreement of the parties, the Court determines that the statute of limitations began to run on the RTC's claims relating to the two transactions at issue on February 10, 1989.

■ Having determined the date on which the statute of limitations began to run, it is necessary to identify the length of the limitations period that applies to the RTC's causes of action for breach of fiduciary duty and legal malpractice. Under Texas law, both claims for breach of fiduciary duty and for legal malpractice are tort claims and are governed by two-year statutes of limitations. *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir.1980); *El Paso Assoc. Ltd. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 20 (Tex.App.—El Paso 1990, no writ). However, the two year limitations period does not necessarily apply to the RTC's claims, as § 1821(d)(14) provides that

> "the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be ... in the case of any tort claim, the longer of (I) the 3–year period beginning on the date the claim accrues; or (II) the period applicable under State law."

12 U.S.C. § 1821(d)(14).

In the instant case, the Court determines that the longer period of limitations is the three-year period beginning on the date the RTC's claims accrued against the individual partners under § 1821(d)(14). Accordingly, the limitations period applicable to the RTC's claims based on the Elridge Parkway/Parkway Plaza Joint Ventures and the Change of Control Transaction is the three-year period commencing from February 10, 1989. Thus, pursuant to § 1821(d)(14), the RTC had three years from the date of the appointment of the conservator on February 10, 1989 within which to file the action against the individual partners based on the two transactions at issue. However, the RTC did not file its claims against the individual partners until more than three years later, on November 12, 1992.

■ The RTC argues that its action against the individual partners is not untimely, despite its failure to file the action within three years of the dates the claims accrued, because the individual partners are bound by a tolling agreement and two subsequent extensions thereof (hereinafter "the tolling contract") which were signed by Edward O. Coultas ("Coultas") on behalf of SCW in February 1989. Although none of the individual partners signed the tolling contract, the RTC argues that there is a genuine issue of material fact concerning whether the parties mutually intended the individual partners to be bound by the tolling contract because it was signed by Coultas as Administrative Partner and President of SCW on behalf of SCW.

The tolling contract was signed by Coultas on behalf of SCW and by Small in his individual capacity. Notably, none of the individual partners signed the tolling contract. Further, the tolling contract provides that

> SCW and Mr. Small for themselves and their successors, representatives, and assigns agree that ... the running of the statute of limitations ... shall be suspended ... with respect to any claims or causes of action brought or to be brought by RTC arising out of or relating in any way to

SCW's or Mr. Small's involvement with USA.

Finally, the tolling contract provides that the terms shall be binding on "SCW and Mr. Small, their agents, and attorneys."

The issue whether a contract is ambiguous is a question of law for the court to decide. *Hanssen v. Qantas Airways Ltd.*, 904 F.2d 267, 269 (5th Cir.1990) (citation omitted). A contract will be deemed unambiguous when "it is reasonably open to just one interpretation given the rules of interpretation and the surrounding circumstances." *Id.* (citation omitted). In the instant case, the Court determines that the language of the tolling contract at issue is unambiguous. The circumstances surrounding the execution of the tolling contract reasonably lead to only one interpretation of the provisions at issue, i.e., that only the partnership of SCW and not the individual partners that comprise SCW were intended to be bound by the tolling contract.

Initially, the Court notes that only SCW and Small are named as parties to the contract. Further, Coultas expressly signed the tolling contract *on behalf of SCW*, not on behalf of the individual partners of SCW. The RTC argues that the provision binding "SCW and Mr. Small, their agents and attorneys" includes the individual partners, as the individual partners are agents of SCW. However, in light of the surrounding circumstances, it is clear that the term "agents or attorneys" does not encompass the individual partners.

Specifically, the express purpose of the tolling contract was to invalidate a possible legal defense to any subsequent lawsuits. Therefore, it was necessary to prevent not only SCW but anyone acting on SCW's behalf from seeking to defend the RTC's claims on the basis of the statute of limitations. Consequently, in light of this purpose, the term "agents or attorneys" clearly refers to SCW's legal counsel or anyone acting on behalf of SCW, and the provision binding SCW's agents and attorneys was intended to preclude anyone acting on SCW's behalf from seeking to avoid the legal effect of the tolling contract in any subsequent lawsuit. The individual partners are not seeking here to defend the RTC's claims *on behalf of SCW.* Rather, they are seeking to defend the RTC's claims against them in their individual capacities. Thus, the individual partners do not fall within the group of "agents or attorneys" intended to be bound by the tolling contract.

Additionally, while the individual partners are technically agents of the partnership, their agency derives from their status as *partners.* If the individual partners were intended to be bound by the tolling contract, then the parties could easily have included a provision binding "SCW and its partners." Likewise, a reference to SCW's attorneys would be an awkward manner in which to refer to SCW's individual partners who also happen to be attorneys. Thus, the Court determines that the individual partners were not intended to be included in the class of agents and attorneys that were bound by the tolling contract.

Further, the RTC correctly points out that contracts should be read so that no provision is rendered meaningless. *See Calpetco 1981 v. Marshal Exploration Inc.*, 989 F.2d 1408, 1413 (5th Cir.1993) (citation omitted). In this regard, the Court notes that Mr. Small's signature and inclusion in the tolling contract would be rendered meaningless if the tolling agreement clearly included all individual partners, since Mr. Small was also a partner of SCW. Thus, the fact that Mr. Small was required to sign the tolling contract in order to bind him individually, as well as the absence of the names and signatures of the individual partners, evidences that only SCW and Small, not the individual partners comprising SCW, were intended to be bound by the tolling contract.

The RTC fails to acknowledge that the partnership of SCW is a legal entity that is distinct from the individual partners who comprise that entity. *See* Tex.Rev.Civ.Code Ann. art. 6132b–2.01 (Vernon Supp.1994). All partners are jointly and severally liable for all debts and obligations of the partnership. Tex.Rev.Civ.Code Ann. art. 6132b–3.04. However, "[a] judgment against a partnership is not by itself a judgment against a partner." Tex.Rev.Civ.Code Ann. art. 6132b–3.05. Rather, a judgment against the partnership may also be entered against

an individual partner only when that partner has been timely served with process in the same suit. *Id.* Further, the entry of judgment against the individual partner is necessary for a partnership creditor to enforce the judgment against the individual assets of the partner. *Id.* Thus, the individual partner's liability for partnership debts and obligations does not extend to the individual partner's personal assets unless a valid judgment is obtained against the partner in addition to the judgment against the partnership.

The above principles governing the enforcement of the partnership's liability illustrate the significance of the distinction between the partnership SCW and the individual partners who comprise that partnership. This distinction further supports the conclusion that a contract that binds the entity does not necessarily bind the individuals who comprise that entity in their individual capacities. *See, e.g., LPC Leasing Inc. v. Smith,* 550 S.W.2d 154, 156 (Tex.Civ.App.—Houston [14th Dist.] 1977) ("while the corporation is bound by the covenant, it does not follow that the corporation's officers and directors are bound as individuals"). Rather, just as the individual partner must be individually served with process in order to be bound in his individual capacity by a judgment against the partnership, the individual partner must be named or expressly bound by a contract signed on behalf of the partnership in order to be bound by such contract. Thus, absent any ambiguity in the tolling contract that appears to bind only SCW, the individual partners will not be deemed to be bound, in their individual capacities, to the tolling contract.

■ Finally, the RTC points to extrinsic evidence to support its argument that the parties intended to bind the individual partners. The Court initially notes that the RTC cannot use such extrinsic evidence to create an ambiguity in the contract where none exists. *See Phillips v. Union Bankers Insur. Co.,* 812 S.W.2d 616, 620 (Tex.App.—Dallas 1991, no writ). Thus, this Court will not consider any extrinsic evidence, as the Court has determined that the language of the tolling agreements is unambiguous. *See American Totalisator Co., Inc. v. Fair*

*Grounds Corp.,* 3 F.3d 810, 813 (5th Cir.1993) (citation omitted).

Based on the foregoing, the Court

ORDERS that the motion for summary judgment based on the statute of limitations (Document # 239) is GRANTED and judgment is granted in favor of the individual partners on the RTC's claims relating to the Elridge Parkway/Parkway Plaza Joint Ventures and the Change of Control Transaction.