FOSTER LUMBER COMPANY, INC.,
Plaintiff and Appellee,

v.

Malcolm W. GLAD, Defendant
and Appellant,

and

Kenneth Olson, partners under the firm
name and style of Exterior
Designers, Defendant.

No. 13154.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1981.

Decided April 1, 1981.

Robert L. Varilek, Rapid City, for plaintiff and appellee.

Wayne F. Gilbert of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, for defendant and appellant.

WOLLMAN, Chief Justice.

The trial court entered a default judgment against Malcolm W. Glad (appellant) and Kenneth H. Olson (Olson). Appellant appeals from the order of the trial court denying his motion for relief from judgment. We reverse and remand.

Appellee, Foster Lumber Company, Inc., brought an action against the partnership of appellant and Olson, who were doing business as Exterior Designers. Although

Olson was served with a copy of the summons and complaint, appellant was never served. A default judgment was entered against Olson and appellant individually. Appellant filed a motion for relief from judgment on the basis that the trial court was without jurisdiction to enter judgment against him individually because he had not been served with process. The trial court denied the motion.

■ We first address appellee's contention that this appeal should be dismissed because appellant waived his right to appeal by voluntarily paying the judgment. We have examined the record and conclude that appellee's contention is without merit. Unlike the situations in *Lanphear v. Lanphear*, 303 N.W.2d 576 (S.D.1981), and *Kerr v. Kerr*, 74 S.D. 454, 54 N.W.2d 357 (1952), appellant did not voluntarily pay the judgment; rather, the payment of the judgment was the result of an execution after the trial court denied appellant's motion for stay of execution. See generally *Yeager v. Durflinger*, 280 N.W.2d 1 (Iowa 1979).

The remaining issue on appeal is whether, in an action against a partnership, a valid judgment can be rendered against an individual partner without service of process on that partner.

SDCL 15–6–17(b) provides as follows:

When two or more persons associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may sue or be sued by such common name, the summons in such cases being served on one or more of the associates. *The judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process*, in the same manner as if all had been named defendants and had been sued upon their joint liability. (Emphasis added)

SDCL 15–8–2 reads as follows:

If an action be against defendants jointly indebted upon contract, the plaintiff may proceed against the defendant served unless the court otherwise direct; and if he recover judgment, *it may be entered against all the defendants thus jointly indebted so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served* and if they are subject to arrest, against the persons of the defendants served. (Emphasis added)

■ The language of the foregoing rule and statute indicates that a judgment can bind the individual property of only those parties served with process. Additionally, due process requires personal service on a partner to bind his individual assets. See *Detrio v. United States*, 264 F.2d 658 (5th Cir. 1959).

■ Accordingly, we hold that in an action against a partnership, a judgment cannot be rendered against an individual partner unless that partner has been served with process.* See *Sugg v. Thornton*, 132 U.S. 524, 10 S.Ct. 163, 33 L.Ed. 447 (1889); 2 J. Moore, Federal Practice ¶ 4.24, at 4–228 (2d ed. 1980); 60 Am.Jur.2d *Partnership* § 330 (1972); 68 C.J.S. *Partnership* § 235, at 730–31 (1950).

Since appellant was not served with process, the default judgment insofar as it relates to appellant individually is invalid. The order of the trial court denying appellant's motion for relief from judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All the Justices concur.

---

* Our holding is in accord with the decisions of the Supreme Court of California dealing with the counterpart of SDCL 15–6–17(b). See *Ellsworth v. Bradford*, 186 Cal. 316, 199 P. 335, 336 (1921).