Affirmed in Part, Reversed and Remanded in Part, and Majority and
Dissenting Opinions filed November 21, 2006








Affirmed in Part, Reversed and Remanded in Part, and
Majority and Dissenting Opinions filed November 21, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00398-CV

_______________

 

KAO HOLDINGS, L.P., d/b/a SEBRING 

APARTMENTS and WILLIAM KAO, Appellants

 

V.

 

ANNIE LEE YOUNG, Appellee

                                                                                                                                               


On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 04-26236

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

 








In this restricted appeal, error is
apparent from the face of the record because the trial court rendered a $2.5
million default judgment against appellant William Kao, even though the
petition on which the judgment was granted (1) did not name him as a defendant
in the lawsuit, (2) did not assert any claims against him, (3) did not seek a
judgment against him, (4) did not allege that he was a general partner of the
limited partnership being sued, and (5) did not seek to hold him liable for the
debts or obligations of the defendant limited partnership.  Under mandatory
precedent from the Texas Supreme Court, the trial court erred in rendering a
default judgment that was not based on the plaintiff=s live pleading. In reaching the
opposite conclusion, this court bases today=s holding on section 17.022 of the Texas
Civil Practice and Remedies Code,  article 6132b-3.05(c) of the Texas Revised
Civil Statutes, and a case from a divided panel of another intermediate court
of appeals.  Under their unambiguous language, these statutes are not triggered
unless a
partner is served with citation informing the partner that he has been sued, and these statutes do not
authorize a judgment against a partner in his individual capacity in a case in
which the partner has not been sued.  This court should reverse the default
judgment as to William Kao.  Because it does not, I respectfully dissent.

Background

In the only petition ever filed in
this case, plaintiff/appellee Annie Lee Young asserted a premises-liability
claim based on alleged injuries she claims to have suffered from a fall, at an
unspecified time, at the Sebring Apartments.  In the petition, Young sought
various personal-injury damages from the following named defendants:

(1)       Kao Holding, L.P. doing
business as Sebring Apartments (hereinafter AKao
Holdings@), [1]

(2)       John Doe One (1) Unknown
Apartment Management Company,

(3)       John Doe Two (2) Unknown
Apartment Complex Owner,

(4)       John
Doe Three (3) Unknown Apartment Complex Owner.








Young alleged that Kao Holdings and
the three AJohn Does@ (hereinafter collectively the ADefendants@) were, at all material times, the
owners of the premises where she allegedly fell and was injured.  Young alleged
that she was an invitee at the time of the fall and that the Defendants= negligence proximately caused her
personal injuries, which allegedly included a compression of the L1 vertebra
and thoracic and lumbrosacral strain and sprain.  In her pleading, Young sought
actual and exemplary damages against the Defendants.  Nowhere in the petition
did Young specify the amount of damages that she sought, and nowhere did she
allege that her damages were liquidated.  Nowhere in her petition did Young (1)
name William Kao as a defendant in the lawsuit, (2) assert any claims against
him, (3) seek a judgment against him, (4) allege that he was a general partner
of the limited partnership being sued, or (5) seek to hold him liable for the
debts or obligations of the defendant limited partnership.  The only time
William Kao is mentioned in the petition is in the following sentence:

Defendant Kao Holding, L.P., a partnership based in
Texas, may be served with process pursuant to Section 17.22 of the Texas Civil
Practice and Remedies Code by serving William Kao, a partner of said
partnership, at [address].

 

The only returns of service in our
record reflect that a citation addressed to Sebring Apartments and a citation
addressed to AKao Holding, L.P.@ were served on William Kao in person on November 30, 2004. 
No citation addressed to William Kao was ever requested, issued, or served.  On
appeal, Young Aconcedes that Appellant William Kao was never named or served in his
individual capacity in Appellee=s lawsuit.@  In her motion for default judgment, Young told the trial
court the following:

(1)       William Kao is a defendant in the case.

(2)       William Kao was properly served with process
on November 30, 2004.

(3)       William Kao has not filed an answer and has
not appeared. 

(4)       The damages alleged in Young=s petition are liquidated and proved by a written
instrument.

(5)       No
hearing is necessary to establish the amount of Young=s damages. 

Based on the foregoing, Young asked
the trial court Ato enter a Default Judgment Granting [sic] the relief
requested in Plaintiff=s Original Petition.@ 

The proposed default judgment Young
submitted to the trial court, signed by both Young and her counsel, states the
following:

(1)       William Kao is a defendant in the case.








(2)       William Kao was served with citation more
that thirty days ago.

(3)       The return of service has been on file for
more than ten days.

(4)       William Kao has not filed an answer. 

(5)       Young
is awarded judgment against William Kao and against all of the Defendants in
the principal amount of $2.5 million for Apersonal injuries and related
damages,@ plus postjudgment interest and court
costs.

The trial court signed
and dated the proposed default judgment without making any changes.  Although
there is no indication in the record that the trial court held an evidentiary
hearing on the default judgment or heard evidence as to the amount of Young=s damages, Young asserts on appeal
that an evidentiary hearing was held and not reported.  

May a trial court
render a no-answer default judgment against a person who is not a defendant in
the case?








The
trial court rendered a no-answer default judgment under Texas Rule of Civil
Procedure 239.  See Tex. R. Civ. P.
239.  If the citation and proof of service have been on file for ten days
exclusive of the day of filing and day of judgment, this rule allows a
plaintiff to take a default judgment against a Adefendant@ who is required to answer but has
not done so.  In a civil proceeding, a defendant is A[a] person sued.@  Black=s Law Dictionary 450 (8th ed. 2004).  Given that the only pleading in this case does not
name William Kao as a defendant, assert a claim against him, or seek a judgment
against him, William Kao has not been sued in this case and is not a Adefendant.@  See id.  Therefore, there is
no authority under Rule 239 to render a no-answer default judgment against
William Kao.  See Tex. R. Civ. P.
239.  This rule is consistent with a bedrock principle of Texas jurisprudenceCno court can grant relief against a
person or entity that is not a party to the litigation.  See Werner v.
Colwell, 909 S.W.2d 866, 869B70 (Tex. 1995) (holding trial court
erred in granting judgment against a person as trustee of an ERISA plan because
that person was never named as a party defendant); see also In re TXU Elec.
Co., 67 S.W.3d 130, 143 (Tex. 2001) (Baker, J., concurring) (stating that
there is a bedrock principle in Texas jurisprudence that no court can grant
relief against a person or entity that is not a party to the litigation).  

To
support its analysis, the majority relies on Texas Rule of Civil Procedure 124,
entitled ANo Judgment Without Service.@[2]  See ante at p. 3.  The
majority notes that, although this rule generally requires a person to be named
as a defendant and served with process before a judgment may be rendered
against the person, this rule does not apply Awhere otherwise expressly provided by
law.@ Tex.
R. Civ. P. 124; see ante at p. 3.  The majority indicates that
the two statutes upon which it relies Aexpressly@ provide that judgment may be
rendered against a general partner of a partnership even though that partner
has not been named as a defendant and served with process.  See ante at
p. 3 (citing Tex. Civ. Prac. & Rem.
Code '17.022 and Tex. Rev. Civ. Stat.
Ann. art. 6132b-3.05(c)).  However, as explained more fully below,
neither of these statutes expressly states that judgment may be rendered
against a general partner of a partnership even though that partner has not
been named as a defendant and served with process.  See Tex. Civ. Prac. & Rem. Code '17.022 (Vernon 1997); Tex. Rev. Civ. Stat. Ann. art.
6132b-3.05(c) (Vernon Supp 2006).

Error is
apparent on the face of this record because, although the petition does not
make William Kao a party to this litigation, the trial court rendered a $2.5
million default judgment against him.[3]  








May a trial court grant a default judgment based on a
claim that has not been pleaded?

 

Since at least 1858, it has been a
bedrock principle of Texas law that a trial court errs if it grants a default
judgment on a claim that is not contained in the pleadings.  See Stoner v.
Thompson, 578 S.W.2d 679, 683B84 (Tex. 1979).  For Young=s pleading to sufficiently state a
claim against William Kao, the four corners of the petition itself must enable
a court to ascertain with reasonable certainty the elements of her claim
against William Kao and the relief sought, with sufficient information upon
which to base a judgment.  See id.  Though mere formalities, minor
defects, and technical insufficiencies will not invalidate a default judgment,
the petition on which it was based must state a claim and give Afair notice@ to the opposing party of the relief
sought.  See id.  After examining the four corners of the petition,
there is no hint of any claim, judgment, or relief sought by Young against
William Kao.  Nothing in the petition provides fair noticeCindeed, any noticeCthat Young is asserting a claim or
seeking a judgment against William Kao. Though Young included a general prayer
in her petition, the Texas Supreme Court has held that a general prayer cannot
be used as a basis to affirm a default judgment awarding relief on an unpleaded
claim.  See id.  Even liberally construing all of the petition=s allegations in Young=s favor and deeming them to be true,
there is nothing in the petition that would support a judgment against William
Kao.  Therefore, under longstanding precedent, the trial court erred in
granting a default judgment against William Kao based on a claim not contained
in Young=s petition.  See id.  








The
majority acknowledges that Young=s petition does not assert a claim
against William Kao individually, but the majority does not address the
requirement that the default judgment be based on the claims asserted in the
petition.  Young=s motion for default judgment requested a ADefault Judgment [g]ranting the
relief requested in [Young=s] Original Petition.@  But the default judgment Young
submitted and the trial court signed went far beyond the relief requested in
the petition and granted a multi-million dollar judgment against a person who
was not a defendant.  Under well-established Texas law, the trial court erred
in rendering a default judgment on a claim that was not contained in any
pleading.  See id. (holding that trial court erred in granting a default
judgment awarding $50,000 in actual damages to a party whose pleading did not
allege monetary damage or seek a money judgment).  On this basis alone, the
judgment should be reversed.

Does section 17.022 of
the Texas Civil Practice and Remedies Code allow a plaintiff to obtain a
default judgment against a nonparty on an unpleaded claim?

This
court states that William Kao is a general partner in Kao Holdings and that
being served as an agent for service of process with citation addressed to the
limited partnership (Kao Holdings) in and of itself makes William Kao a
defendant in his individual capacity.  There are several problems with this
analysis.  First, the petition states only that Kao Holdings may be served by
serving William Kao, who is allegedly Aa partner of said partnership.@  The petition never alleges that
William Kao is a general partner.[4] 

Even
presuming that William Kao were the general partner of Kao Holdings, thus
making him a proper agent for service of process for Kao Holdings, there is
still the issue of how service on William Kao of process addressed to Kao
Holdings and a petition that asserts no claims against William Kao can
transform William Kao into a party to the lawsuit.  The majority cites section
17.022 of the Texas Civil Practice and Remedies Code, entitled AService on Partnership,@ to support this notion that the act
of serving process can somehow amend the petition that is being served.  See
Tex. Civ. Prac. & Rem. Code '17.022.








Section
17.022 is in a subchapter entitled ACitation Generally@ and states in its entirety as
follows:

' 17.022. Service on Partnership

 

Citation served on one member of a
partnership authorizes a judgment against the partnership and the partner
actually served.

 

Tex.
Civ. Prac. & Rem. Code '17.022.          








As a threshold matter, this court
should examine the text of the statute and determine if it is ambiguous.  See
In re Mo. Pac. Ry. Co., 998 S.W.2d 212, 217 (Tex. 1999).  If the meaning of
the statutory language is unambiguous, the court should adopt the construction
supported by the plain meaning of the provision=s words.  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).  A
Acitation@ is directed to the defendant,
telling the defendant that it has been sued and commanding the defendant to
appear and answer the opposing party=s claims.  Texas Natural Res.
Conservation Comm=n v. Sierra Club, 70 S.W.3d 809, 813 (Tex. 2002).  AService of citation@ is a term of art
that describes the formal process by which a party is informed that it has been
sued.  Id.  Section 17.022 does not even come into play unless there has
been service of citation on a partner in a partnership.  See Tex. Civ.
Prac. & Rem. Code '17.022.  For there to have been service of citation on a partner,
there must have been service of a citation addressed to a partner that informs
the partner that he has been sued and commands the partner to appear and answer
the opposing party=s claims.  Texas Natural Res. Conservation
Comm=n, 70 S.W.3d at 813.  Section 17.022 states
that if a partner is served with citation informing the partner that he has been sued, then service of
citation is not also necessary as to the partnership.  The language in section
17.022 was first enacted by the Texas Legislature in 1925.  See Vernon=s Ann. Civ. Stat. of 1925 art. 2033.  At that time partnerships were not separate
entities and could not be sued under Texas law; the only way that partnership
assets could be reached was by suing the individual partners and serving at
least one of them with citation.  See, e.g., Glasscock v. Price,
47 S.W. 965, 966 (Tex. 1898) (stating that at common law a partnership is not a
legal entity and cannot sue or be sued and noting that A[i]n some states statutes have been
enacted authorizing suits to be brought by or against partnerships in their
firm names, thus recognizing them as persons, in a qualified sense, but our
statutes do not go so far.  They merely provide that, when the partners are
sued, service upon one of them will authorize a judgment against the one served
and against the firm . . .@); McFaddin, Wiess & Kyle Land Co. v. Tex. Rice Land
Co., 253 S.W. 916, 926 (Tex. Civ. App.CBeaumont 1923) (stating that A[i]t is well settled in Texas that a
partnership is not a separate entity@ and that A[h]aving no legal existence, a
partnership, as such, can neither sue nor be sued, nor can a judgment be
rendered for or against it . . . the property of the firm may be reached by
suit against all partners and service upon at least one@), aff=d, Tex. Rice Land Co. v. McFaddin,
Wiess & Kyle Land Co., 256 S.W. 888 (Tex. Comm=n. App. 1924, judgm=t adopted).

Under its unambiguous language, (1)
section 17.022 is not triggered unless a partner is served with citation informing the partner that he has
been sued and (2) section 17.022 does not authorize a court to render judgment
against a partner in his individual capacity in a case in which the partner has
not been sued.  Our record shows that William Kao was not sued or served with
citation but that Kao Holdings was sued and served with citation.  Because
there has been no service of citation on any alleged partner of Kao Holdings,
section 17.022, under its unambiguous language, does not apply to this case.








Furthermore,
even if this statute were found to be ambiguous, in a proper analysis this
court would then consider the object sought to be attained, the circumstances
under which the statute was enacted, the legislative history, former statutory
provisions, and the consequences of a particular construction.  See In
re Sullivan, 157 S.W.3d 911, 916 (Tex. App.CHouston [14th Dist.] 2005, orig.
proceeding [mand. denied]).  The object sought to be attained by this statute
is to show how service of process works in the situation in which a person
seeks a judgment binding on partnership assets but cannot sue the partnership
because it is not recognized as a separate legal entity, which were the
circumstances under which the statute was enacted.  The statute shows that, by
suing one or more of the partners and serving at least one partner with a
citation addressed to the partner, the judgment will bind the partnership
assets.  Research reveals no available legislative history for this statute,
but viewing the statute in the proper context, it is clear that the majority=s construction of it yields
consequences the drafters could not have intended.  

Today=s holding allows a trial court to
render a default judgment based on a claim not pleaded in the petition and
without notice to the partner served as agent for service of process for the
partnership that he has been sued and that a personal judgment may be entered
against him.  Therefore, the majority=s construction undermines important
and longstanding Texas policies, and the other construction supports them.  See
Whitney v. L&L Realty Corp., 500 S.W.2d 94, 97 (Tex. 1973) (stating
that Texas has strong and longstanding policies requiring default judgments to
be based on (1) claims particularly pleaded in the petition, (2) a showing of
service of process, and (3) notice to the defendant that a personal judgment
may be entered against him).  Therefore, even if this statute were ambiguous,
the relevant factors would militate against adopting the majority=s construction.

Does article 6132b-3.05(c) of the
Texas Revised Civil Statutes allow a plaintiff to obtain a default judgment
against a nonparty on an unpleaded claim?

The
majority also relies on article 6132b-3.05(c) of the Texas Revised Civil
Statutes. See Tex. Rev. Civ.
Stat. Ann. art. 6132b-3.05(c).  This statute states in its entirety as
follows:

A judgment
against a partnership is not by itself a judgment against a partner, but a
judgment may be entered against a partner who has been served with process in a
suit against the partnership.








Tex.
Rev. Civ. Stat. Ann.
art. 6132b-3.05(c).  If the meaning of the statutory language is unambiguous,
this court should adopt the construction supported by the plain meaning of the
provision=s words.  Agbor,  952 S.W.2d at 505.  Under the unambiguous
language of this statute, the partner must have been served with process
informing the partner that he has been sued in a case in which the partnership
also has been sued.  See Texas Natural Res. Conservation Comm=n, 70 S.W.3d at 813.  A United States District Court in
Texas has construed this statute as requiring a partner to be Aindividually served with process in
order to be bound in his individual capacity@.  RTC v. Bonner, 848 F.Supp.
96, 100 (S.D. Tex. 1994) (basing court=s conclusion that an agreement
tolling limitations as to claims against a partnership did not toll claims
against the individual partners of that partnership in part on art.
6132b-3.05(c)).

The
phrase Aa partner who has been served with
process in a suit against the partnership@ means a partner who has been served
with process informing the partner that he has been sued in a case in which the
partnership also has been sued.  See Texas Natural Res. Conservation Comm=n, 70 S.W.3d at 813.  The majority asserts that this
construction ignores the language of section 3.05(c).  See ante at p.
5.  On the contrary, this construction gives meaning to Section 3.05(c)=s unambiguous language.  








The
majority also states that construing section 17.022 and section 3.05(c) so that
they mean something that would be true even if these sections were not enacted
would render these statutes unnecessary and surplusage.  Courts generally
prefer, if possible, to refrain from treating any statutory language as
surplusage.  See, e.g., Continental Cas. Ins. Co. v. Functional Res. Assocs.,
19 S.W.3d 393, 402 (Tex. 2000).  However, legislatures often enact statutes to
codify already existing common-law rules or constitutional mandates.  Though
courts generally seek to construe statutes or parts thereof so that they will
not be redundant of other statutes, this goal is not always attainable.  For
example, this approach may not be possible in the construction of a uniform
statute regarding partnerships that may restate partnership principles that
already are generally applicable under other statutes, rules, or case law.[5] 
In In re City of Georgetown, the Texas Supreme Court rejected an
argument that its construction rendered statutory language surplusage and
construed a statute to say the same thing three times.  See 53 S.W.3d
328, 335B36 (Tex. 2001).  The Texas Supreme
Court concluded that the Legislature repeated itself out of an abundance of
caution and for emphasis.  See id.  Furthermore, if the majority is
correct that a statute should not be construed to mean something that already
was true under some other statute or rule of law, then the court=s construction of section 3.05(c)
also violates this principle because it construes this section to mean what
already was true under section 17.022 of the Civil Practice and Remedies Code.








In
addition, even if section 3.05(c) were found to be ambiguous, the proper course
to determine its meaning would be to consider the object sought to be attained,
the circumstances under which the statute was enacted, the legislative history,
former statutory provisions, and the consequences of a particular
construction.  See In re Sullivan, 157 S.W.3d at 917.  The object
sought to be attained by this statute appears to be stating that a judgment
must be taken against a partner individually to enforce a partnership
obligation against that partner=s individual assets.  The statute shows that, by suing one or
more of the partners and serving at least one partner with a citation addressed
to the partner, the judgment will bind the individual assets of the partners
served with process.  The only legislative history from this statute that bears
on the issue at hand is from the bar committee that drafted section 3.05(c) and
the entire Texas Revised Partnership Act.  This committee stated that A[s]ubsection (c) provides that a
judgment against the partnership is not, standing alone, a judgment against any
of the partners, but that a judgment may be entered against any partner who has
been served with process in the same suit.@  Tex.
Rev. Civ. Stat. Ann. art. 6132b-3.05(c) & cmt. (emphasis added).  By
using Aany@ and indicating there may be more
than one, the bar committee apparently did not consider service of process on
the partner to mean service with process directed to the partnership.  If the
process in question were process directed to the partnership, then it would not
be served on more than one partner.  The majority=s construction of this statute
permits a trial court to render a default judgment based on a claim not pleaded
in the petition and without notice to the partner served as agent for service
of process for the partnership that (1) he has been sued and (2) a personal
judgment may be rendered against him.  Therefore, the majority=s construction violates longtime
Texas policies, and the other construction supports them.  See Whitney,
500 S.W.2d at 97 (stating that Texas has strong and longstanding policies
requiring default judgments to be based on (1) claims particularly pleaded in
the petition, (2) a showing of service of process, and (3) notice to the
defendant that a personal judgment may be entered against him).  Even if this
statute were ambiguous, evaluation of the relevant factors would weigh against
the majority=s construction.

Is this court free to
decide on its own the proper construction of the statutes at issue?








The
majority concludes that this court is bound by the decision of a divided panel
of the First Court of Appeals in Fincher and that this court has no
legal authority or other proper basis to rule differently from the Fincher
court under a principle stated in Texas Department of Protective and
Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex.
2004).  See ante at pp. 5B6; Tex. Dep=t of Protective & Regulatory
Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2004); Fincher v. B&D Air
Cond. & Heating Co., 816 S.W.2d 509, 512B14 (Tex. App.CHouston [1st Dist.] 1991, writ
denied).  Under this principle, A[i]f an ambiguous statute that has
been interpreted by a court of last resort or given a longstanding construction
by a proper administrative officer is re‑enacted without substantial
change, the Legislature is presumed to have been familiar with that
interpretation and to have adopted it.@ Mega Child Care, Inc., 145
S.W.3d at 176.  This principle applies to ambiguous statutes and opinions from
courts of last resort.  Id.  Because the majority concludes that the
statutes in question are unambiguous, the majority errs in applying this
principle.  See id.  Likewise, because the First Court of Appeals is not
a court of last resort, the majority errs in concluding that, by declining to
exercise discretionary review of that court=s decision in Fincher,
the Texas Supreme Court has interpreted section 17.022 and section 3.05(c).  See
supra at pp. 5B6.  The Texas Supreme Court=s denial of the
application for a writ of error in Fincher means that the Texas Supreme
Court was not satisfied that the Fincher opinion declared the law
correctly in all respects but was of the opinion that the application for writ
of error presented no error of law which required reversal or which was of such
importance to Texas jurisprudence as to require correction.  See In re T.L.C., 948 S.W.2d 41, 45 n.3. (Tex. App.
Houston [14th Dist.] 1997, no pet.); see also Tex. R. App. P. 56.1 (b)(1).  We do not know what issues were
presented in the application for writ of error in Fincher, and even if
the petitioner challenged the intermediate court=s construction of
section 17.022 and section 3.05(c), the Texas Supreme Court may have disagreed
with this construction but determined that the error was not sufficiently
important to Texas jurisprudence to require correction.  See id.  For
this reason, the Texas Supreme Court=s denial of review
in Fincher does not give any indication of the Texas Supreme Court=s view of the
merits of the issues decided by the First Court of Appeals in Fincher
and does not convert Fincher into a Texas Supreme Court precedent.  See
Loram Maintenance of Way, Inc. v. Ianni, CS.W.3dC,C, No. 04-0666,
2006 WL 1791692, at *2 (Tex. June 30, 2006) (holding that Texas Supreme Court=s declining to
review a case is not evidence that the high court agrees with the opinion of the
court of appeals and gives no indication of the high court=s views on the
issues decided therein); Matthews Const. Co., Inc. v. Rosen, 796 S.W.2d
692, 694 n.2 (Tex. 1990) (same).  








In sum, the statutes in question are not ambiguous, and
they have never been interpreted or construed by a court of last resort or
given longstanding construction by a proper administrative officer.  Therefore,
the principle upon which the majority relies does not apply.  See Mega Child
Care, 145 S.W.3d at
176.  There are no decisions from the Texas Supreme Court or this court
regarding the statutory construction issues raised in the court=s analysis of the second issue. 
Therefore, this court is free to decide on its own which is the better
construction of section 17.022 and section 3.05(c).[6] 
See,
e.g., In re T.L.C.,
948 S.W.2d at 44B45 (disagreeing with and refusing to follow statutory
interpretation from opinion of Texas intermediate court in which Texas Supreme
Court had denied writ and agreeing with statutory interpretation from opinion
of other Texas intermediate court in which no application for writ was filed). 


Does caselaw permit a plaintiff to
obtain a default judgment against a nonparty on an unpleaded claim?

The
authorities from other courts and from other jurisdictions cited in the majority
opinion do not provide strong support for today=s holding.

Fincher v.
B&D Air Cond. & Heating Co.








This
court relies primarily on Fincher, which research indicates is the only
Texas case that supports the majority=s construction of section 17.022.  See
816 S.W.2d at 512B14.  In Fincher, a majority of the court  held that a
partner in a Texas general partnership, though not named individually as a
defendant, could be held individually liable because he was served with
citation on behalf of the partnership.  See id.  In Fincher, the
plaintiffs sued Fincher as a party in his capacity as trustee of Yellow Ribbon
Enterprises, one of the entities being sued, but not in his  individual
capacity.  During trial, it was established that Fincher, individually, was a
general partner of one of the property owners being sued.  After the trial had
concluded, the trial court allowed the plaintiffs to amend their pleadings to
state that Aall of their claims . . . were being alleged against . . . Fincher,
Individually as well as in his capacity as Trustee.@  More than two months after the
trial, the court entered judgment granting relief against Fincher, both as a
trustee and in his individual capacity.  With virtually no analysis, the Fincher
court concluded:

Partners who are served are on notice that they will
be personally liable for any judgment entered against the partnership.  Their
liability is derivative, and they need not be named as defendants
individually.  This is the plain meaning of the language of these statutes.

 

Id. at 512.  Although the Fincher majority cited
other statutes, it appears that it based its statement that partners need not
be named as defendants solely on section 17.022.  See id. at 512B14.  The Fincher majority did
not explain why it concluded that this construction was the unambiguous meaning
of section 17.022.  See id.  It did not examine the meaning of Aservice of citation,@ and it did not examine the bedrock
principles that a trial court may not render a judgment against any person not
sued or base a judgment on any unpleaded claims.  See id. The Fincher
court held that AFincher, although not named as a defendant individually, when
served as general partner for Yellow Ribbon, was before the trial court in his
capacity as general partner and, once the partnership liability was
established, a judgment could be taken against him individually.@ Id. at 513.

The dissent in Fincher pointed
out what, in Texas jurisprudence, would seem obvious and fundamental:  

The trial court erred when it granted
judgment against Fincher individually, when Fincher was not named individually
as a defendant until after the trial was completed.








Id. at 514 (Mirabal, J., dissenting).  The Fincher
dissent correctly pointed out that general partners who receive service of
process for the partnership in a suit in which the partners are not being sued
are not put on notice that they are being sued individually and that judgment
may be rendered against them individually if they do not file an answer.  Id.
at 514B15.  Though the Fincher
majority candidly acknowledged the lack of any cases that condone the rendition
of judgment against a party who made no appearance in the case and was not
named as a defendant until after the trial was over, it nevertheless concluded
that Abecause it was not necessary to name
Fincher individually, . . . the trial court did not abuse its discretion in
allowing the trial amendment.@ Id. at 514.  The Fincher majority erroneously
construed section 17.022 and erroneously concluded that this provision
authorizes judgment against a nonparty based on an unpleaded claim.  This court
should not make the same mistake.

Southcom
Group, Inc. v. Plath








As additional support for its
conclusion that a partner may be held personally liable even if not sued and
not served with citation addressed to the partner, the court cites Southcom
Group, Inc. v. Plath, a decision from the Court of Appeals of Georgia.  570
S.E.2d 341 (Ga. Ct. App.  2002).  In Plath, a corporation served a
demand for arbitration on an agent of the partnership and its partners,
asserting claims for breach of contract.  Id. at 342.  The partnership
and its partners were parties to the arbitration.  Id.  After a hearing,
an arbitration award was rendered in favor of the corporation and against the
partnership but not against the partners.  Id.  The Plath court
also concluded that, in its application for a judgment confirming the award,
the corporation served and named as a defendants the partnership and the
partners.  Id. at 342B43.  The corporation sought a judgment against the
partnership and the partners; however, the trial court ruled that the
corporation could not obtain a judgment against the partners because the award
was only against the partnership.  Id. at 342.  The Plath court
reversed and held that the arbitration award authorized a judgment against the
partners because they were parties to the arbitration and the demand for
arbitration was served on their agent.  Id. at 342B43.  Concluding that, under Georgia
law, it did not matter that the arbitration award did not find that the
partners were joint and severally liable for the obligation, the Plath court
awarded the corporation recovery against the partners.  Id.  Unlike
Texas, Georgia has not adopted the Revised Uniform Partnership Act.  See
Tex. Rev. Civ. Stat. Ann. art.
6132b cmt. (Vernon Supp. 2005).  The Plath court=s holding is contrary to section
3.05(c) of the Texas Revised Partnership Act, which states that a judgment
against a partnership is not a judgment against the partners.  See Tex. Rev. Civ. Stat. Ann. art.
6132b-3.05(c).  Furthermore, the Plath court does not hold or state that
a partner may be held personally liable even if not sued and not served with
citation addressed to the partner.  See id. at 342B43.  Therefore, Plath does not
support the court=s analysis.  

Foster
Lumber Co., Inc.  v. Glad

As additional support for its
conclusion that a partner may be held personally liable even if not sued and
not served with citation addressed to the partner, the court cites Foster
Lumber Co. v. Glad, a decision from the Supreme Court of South Dakota.  303
N.W.2d 815 (S.D. 1981).  In Glad, one partner in a partnership was
served with process and the other was not.  Id. at 816. The unserved
partner appealed from a default judgment rendered against him by the trial
court; the partner who was served did not appeal the default judgment against
him.  Id.  The Glad court held that the trial court erred in
granting a default judgment against the partner who was not served.  Id. 
There was no issue as to whether a partner may be held personally liable even
if not sued and not served with citation addressed to the partner, and the
Glad court did not state that this could be done under South Dakota law.  Id. 
Therefore, Glad does not support the court=s analysis.  

Contrary Cases








The majority appropriately cites
three cases that are contrary to today=s analysis.  In Somer & Wand,
P.C. v. Rotondi, the New York intermediate appellate court bases one
holding on an analogy to New York partnership law, which it states requires
partners to be individually named and served with process before they can be
held liable for partnership obligations.  219 A.2d 340, 344 (N.Y. App. Div.
1996).  Although the statement in this case is dicta, the New York court cites
other cases with holdings to the same effect.  See id.  In Lava
Shadows, Ltd. v. Johnson, the New Mexico Court of Appeals held that serving
a general partner of a limited partnership with pleadings that did not name the
partner individually as a party did not allow the trial court to render
judgment against the general partner in his individual capacity.  915 P.2d 331,
332B34 (N.M. Ct. App. 1996).  The court
noted the fundamental principle that a judgment may not be rendered against one
who is not a party to the lawsuit.  See id.  The court also noted that
partnerships are entities distinct from the partners, so that suing and serving
a partnership through its general partner should not make the general partner a
party.  See id.  The court construed a statute with language similar to
section 3.05(c) as referring to service of process addressed to the partner in
his individual capacity.  See id.  The holding of the Lava Shadows court
is contrary to Fincher and to today=s holding.  Likewise, the Supreme
Court of California has held that a judgment cannot be rendered against a
partner served with process in a case in which the partner was not named as a
party.  See Fazzi v. Peters, 440 P.2d 242, 243B47 (Cal. 1968).  The Fazzi court
based its statutory construction mainly on Athe seemingly self-evident
proposition that a judgment in personam may not be entered against one not a
party to the action.@  Id. at 243.     In sum, although the majority
appears to indicate that the states are split on the issue at hand, there are
several cases from other states that strongly contradict the majority=s analysis. The only holding that
supports it is Fincher, which is unconvincing for the reasons stated
above.

Conclusion








The trial majority rendered a $2.5
million default judgment against William Kao, even though the petition on which
the judgment was granted (1) did not name him as a defendant in the lawsuit,
(2) did not assert any claims against him, (3) did not seek a judgment against
him, (4) did not allege that he was a general partner of the limited
partnership being sued, and (5) did not seek to hold him liable for the debts
or obligations of the defendant limited partnership.  Under mandatory precedent
from the Texas Supreme Court, the trial court erred in rendering a default judgment
that was not based on the plaintiff=s live pleading. Furthermore, the
trial court=s judgment violates Texas Rule of Civil Procedure 239 as well as a
bedrock principle of Texas jurisprudence, both of which require  individuals
and entities to be  parties to the litigation before default judgments may be
rendered against them.  Under the unambiguous language of section 17.022 of the
Texas Civil Practice and Remedies Code and  article 6132b-3.05(c) of the Texas
Revised Civil Statutes, these provisions are not triggered unless a partner is
served with citation
informing the partner that he has been sued, and these statutes do not
authorize a court to render judgment against a partner in his individual
capacity in a case in which the partner has not been sued.  Even if these
statutes were ambiguous, the object sought to be attained, the circumstances
under which the statutes were enacted, former statutory provisions, and the
consequences of the particular statutory construction would mitigate against
adopting the majority=s construction.  The three cases on which the majority relies
are not binding on this court and are not convincing.  Because error is
apparent from the face of the record, this court should sustain William Kao=s second issue and reverse the
default judgment against him. 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed November 21, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.  (Edelman, J., majority).

 









[1]           The real name of this limited partnership
may well be AKao Holdings, L.P.,@
which is the name appellants have used in their notice of appeal and appellate
briefing.  However, the petition, citation, motion for default judgment, and
default judgment all use the name AKao
Holding, L.P.@  Therefore,  that name is used in the initial
reference but the defined term AKao Holdings@ is used hereafter.





[2]           The majority also cites Werner, but Werner
states that (1) AJudgment shall not be rendered against one who was neither
named nor served as a party defendant@;
and (2) AAn exception exists when a person waives service by
making a general appearance before the court.@  Werner, 909 S.W.2d at 869B70.
Therefore, Werner does not support the majority=s analysis.





[3]           The majority relies heavily on Fincher
v. B&D Air Cond. & Heating Co., 816 S.W.2d 509 (Tex. App.CHouston [1st Dist.] 1991, writ denied); however, Fincher
did not involve a default judgment or Texas Rule of Civil Procedure 239.  See
Fincher, 816 S.W.2d at 511B14.





[4]           In fact, our record contains an affidavit
from William Kao in which he states that he is the vice president of Bellevue
Properties, L.L.C., the general partner of Kao Holdings.  





[5]           For example, section 2.01 states that a
partnership is a legal entity distinct from its partners.  See Tex. Rev. Civ. Stat. Ann. art.
6132b-2.01 (Vernon Supp. 2005).  This being so, it is unnecessary to state that
a judgment against the partnership is not a judgment against the partners or
that a partnership may sue in its own name; however, that is exactly what
section 3.05 says.  Compare Tex.
Rev. Civ. Stat. Ann. art. 6132b-2.01 with Tex. Rev. Civ. Stat. Ann. art. 6132b-3.05(c).  Despite this
redundancy, the language of section 3.05 still has meaning, and courts should
not seek to ascribe some other meaning to these parts of section 3.05 to avoid
treating them as surplusage.





[6]           The majority also states that the Texas
Supreme Court has not disapproved of the Fincher court=s construction of the statutes in
question; however, inasmuch as the Texas Supreme Court has never addressed
these issues, this failure to disapprove hardly informs the analysis.