## 3589.  HIGDON v. WILLIAMSON.

1. In this State a judgment on a 'suit against a partnership binds all partners, so far as the partnership is concerned, and also binds individually such of the partners as are served.  The execution issued on the judgment may be levied either on partnership property or on individual property of the partners served.  If all the partners are served, the judgment stands just as an ordinary judgment against joint debtors would stand, except that the partnership assets are also subject to levy under the execution issued thereon.
2. The right given by the Code of Georgia to one joint defendant in execution, paying off the execution, to control the judgment and execution against his codefendants for the purpose of compelling contribution, by having the fact of payment entered thereon by the collecting officer, applies to judgments against partners, based on service upon all of them.
3. A justice of the peace is a collecting officer as to debts sued in his court, and may make, upon an execution issued from his court against joint defendants, the entry of payment by one of them, which is required in order that the paying defendant may control the judgment against the others.
4. No judgment will be reversed for mere harmless error.

DECIDED JANUARY 15, 1912.

Certiorari; from Fannin superior court—Judge Morris.  June 9, 1911.

A judgment against Higdon & Williamson, a partnership, was rendered in a justice's court.  After execution was issued, Williamson, one of the partners, paid off the debt; and the justice of the peace who had issued the execution entered thereon a recital of the fact of Williamson's having made the payment, and thereupon transferred the execution to him.  Williamson then caused the execution to be levied on certain property of Higdon's, whereupon Higdon filed an affidavit of illegality, the substantial points raised by it being that the execution could not lawfully be levied on his individual property, since there was in existence sufficient partnership property to pay off the debt, and that the payment made by Williamson operated to satisfy the judgment and discharge its lien. At the trial before the magistrate Williamson moved to strike the affidavit of illegality, as being insufficient in law, and the magistrate overruled the motion.  Higdon then moved to dismiss the levy, because it appeared that Williamson, one of the defendants, had paid the judgment, and that the justice of the peace who made the entry transferring the judgment to him had no authority to do it, it being contended that a justice of the peace is not a collecting

officer; and the magistrate sustained this motion. Williamson obtained certiorari. While the matter was thus pending in the superior court, counsel for Williamson filed a writing in which they stated that they credited the execution with half of the amount due under it, and claimed against Higdon only the other half. Upon this being done, the court sustained the certiorari and granted a new trial. To this judgment, as well as to the action of the court in allowing counsel for Williamson to file the paper crediting the execution with half of the amount due under it, Higdon brings error.

*A. S. J. Hall*, for plaintiff in error.

*William Butt, T. A. Brown*, contra.

POWELL, J. (After stating the foregoing facts.)

1. In this State a judgment against partners binds the partnership and such of the individual partners as are served; and the execution that issues upon it authorizes levy upon the property of the partnership or upon the individual property of such of the partners as are served, to the same extent as if they were ordinary joint defendants. Civil Code (1910), § 5592. The rationale is that the law does not look upon the partnership as a completely distinct and separate legal entity, but as somewhat so; the partners, as to partnership debts, are joint contractors; and each is the agent of the other to a limited extent. When suit is brought for a debt due by the partnership, the plaintiff may hold the individual partners liable by serving them. If there be two partners, and one is served and the other is not, the judgment stands as any other personal judgment, so far as concerns him who is served; as to the other partner the service, and consequently the judgment, is only partially binding; that is to say, it is binding only so far as the partner served is the agent of the partner unserved, and that is only so far as concerns the property devoted to the purposes of the partnership. If both partners are served, the judgment is a personal judgment against each and both of them, and the execution thereon may be levied upon either partnership or individual property. In the case at bar there is no contention that both partners were not served; hence, the judgment stands just as if they were ordinary joint debtors.

2. It is provided by the Civil Code (1910), § 5971, that, "When judgments have been obtained against several persons and one or

more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosecurities, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment." The language, "power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosecurities," has reference to the Civil Code (1910), § 3558, which provides that any person standing in the relation of surety who shall have paid off or discharged a judgment against himself and others may " have the fact of such payment by him entered on the execution by the plaintiff or his attorney or the collecting ,officer," and thereupon shall have the right to control the execution and judgment against the other defendants, to the same extent as if he were the plaintiff therein, so far as is necessary to his just reimbursement.

The language of section 5971, supra, seems fully broad enough to include the case where one partner has paid off a judgment binding personally on himself and a copartner. Indeed, this section, taken in connection with the other section to which it refers (§ 3558), would seem to give to the partner paying off the judgment the right to enforce it to its full amount against the partnership assets; though there may be something growing out of the general rule that a partner can not sue the partnership except in equity (see *Paulk* v. *Creech,* 8 *Ga. App.* 738, and citations, 70 S. E. 145), which would forbid his having direct recourse at law upon the partnership assets. As between the two partners themselves, the rendition of the judgment subjecting each and both of them to individual liability takes the transaction out of the partnership relation to such an extent as to make it one of those exceptions referred to ˙in the *Paulk* case, supra, wherein one partner may proceed at law against the other. In *Neel* v. *Morris,* 73 *Ga.* 406, it is held that equity has jurisdiction to compel contribution in a case such as the one at bar. Undoubtedly this is true; but, in our opinion, that jurisdiction is concurrent, and not exclusive. In the *Neel* case, supra, it was stated that some members of the court leaned to the view that the statute now contained in the Civil Code (1910), § 5971, does not apply to executions issued upon judgments against copartners. However, no decision of the question was made. As intimated above, there may

be reasons for refusing an application of the statute to cases where only one of the partners is served; but we see *no reason why it is not applicable* to cases like this, where both partners have been served and have become jointly and individually bound by the judgment. The affidavit of illegality presented no defense and should have been stricken. Upon like reasoning, it follows also that the magistrate erred in dismissing the levy, so far as his ruling was based on the proposition that payment by one of the partners operated to discharge the judgment in toto.

3. As to the point that the magistrate was not such a collecting officer as could receive payment and make the entry required by the code, in order to give the paying defendant control of the fi. fa. against the other defendant, it is necessary only to refer to the case of *Bryan* v. *Meaders,* 9 *Ga. App.* 326 (71 S. E. 491), where it was held (with a citation of the authorities) that as to debts sued in justice's courts, the magistrate is a collecting officer.

4. The exception that the court allowed the plaintiff to file a writing while the certiorari was pending in the superior court, whereby he disclaimed any right to collect from his partner more than half the amount due on the execution, amounts to nothing. From a technical standpoint the court should not have considered the paper, as the judge, on the hearing of the certiorari, has no right to consider aliunde matters or to allow additions or amendments to the pleadings or the proof, but since this writing which was filed declared no more than the law recognized as being the legal status in its absence, and since the judgment sustaining the certiorari was absolutely correct, this error was harmless.

<em>Judgment affirmed.</em>