## 63323. NEWTON, INC. v. ALEX et al.

Pope, Judge.

Appellant Newton, Inc. filed a garnishment action in the State Court of Fulton County in order to collect the amount of a judgment from appellee Gary Alex. The appellant had obtained a default judgment in the State Court of Cobb County. The complaint and judgment in that action were against "Parkway Boulevard No. 2 Associates, a Limited Partnership, Gary Alex, General Partner, Defendant."

The original judgment entered in the case contained the word "and" indicating a judgment against the partnership and the general partner. However, the order was amended deleting the word "and," thereby making the language of the judgment the same as the language used in the complaint as quoted above.

Appellee filed a traverse to the garnishment action contending that the limited partnership was the only defendant in the prior action. Appellee argued that the one service copy of the summons and complaint which was delivered to him personally was served upon him as agent for the partnership and was not served upon him as an individual. The trial judge sustained the traverse and dismissed the garnishment proceedings, wherefrom this appeal was taken.

"When garnishment proceedings are based upon a judgment, the defendant, by traverse of plaintiff's affidavit, may challenge the existence of such judgment or the amount claimed due thereon." Code Ann. § 46-403 (a). Since there is no dispute concerning the amount claimed, we will limit our consideration to whether a judgment against appellee exists or whether the judgment exists solely against the limited partnership as contended by appellee.

"Service of a partner is always good service of the firm, and notice to a partner is always notice to the firm." *Ferry & Co. v. Mattox & Turner*, 2 Ga. App. 104, 106 (58 SE 291) (1907). The deputy marshal's return of service indicates that the summons and complaint were left with Gary Alex personally, although the deputy filled in the blanks on the section of the pre-printed return form applicable to corporations. There is no doubt that appellee received actual notice of the suit.

Appellee failed to file an answer to the complaint either in his individual capacity or in his capacity as the general partner for the limited partnership. The trial court upon proof of appellant's claim was therefore able to enter a judgment against the partnership binding all its assets and individually binding the property of the partner who was served. *Atlanta Warehouses, Inc. v. Housing Auth.*, 143 Ga. App. 588 (5b) (239 SE2d 387) (1977); *Higdon v. Williamson,*

10 Ga. App. 376 (1) (73 SE 528) (1911). We hold that the deletion of the conjunction "and" between the partnership's name and the partner's name does not mean that a judgment against the partner does not exist. Therefore, we reverse the order of the trial court dismissing the garnishment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 10, 1982 —
REHEARING DENIED JUNE 22, 1982 — 

*Fred L. Cavalli,* for appellant.
*Lawrence D. Kupferman,* for appellees.