A02A1320. SOUTHCOM GROUP, INC. v. PLATH et al.
(570 SE2d 341)

ELDRIDGE, Judge.

The record shows that on September 13, 1993, appellant-plaintiff Southcom Group, Inc. and Prolific Plastics, a manufacturer of injection molded plastics then representing itself as an Alabama corporation, entered into an exclusive marketing agreement. Under the agreement, Southcom was to be compensated by commission for marketing services provided to Prolific Plastics. Pertinently, claims and disputes arising under the contract were made subject to arbitration upon the demand of either party.

Exercising this authority, Southcom filed a demand for arbitration on April 1, 1997, averring a breach of contract against Prolific Plastics for nonpayment of commissions due and owing for sales in the period 1993-1997. Based upon its discovery, on July 31, 1997, Southcom amended its demand for arbitration to identify Prolific

---

Plastics as a partnership and to add appellees-defendants Jerry V. Plath, George Breland, and John Martin as the partners of the partnership. After a hearing, an arbitration award was entered on January 8, 1999, in favor of Southcom and against Prolific Plastics as a partnership. Southcom sought judgment confirming the arbitration award, filing on July 28, 1999, its application for confirmation of arbitration award in the Superior Court of Fayette County, naming the appellees as party-defendants in the caption thereof. The appellees thereafter filed their verified objection to the award, contending that Southcom's application "must be dismissed for failure to join a party under [OCGA §] 9-11-19[, explaining] that the award at issue was . . . against a business entity and not the individual named defendants." In light of the appellees' objection, on September 18, 2001, Southcom amended its application, adding a complaint for damages against them individually for breach of contract, quantum meruit, and conversion. Contemporaneously, Southcom moved for summary judgment thereon, in the event its application for confirmation of arbitration award was denied. The appellees timely filed their response and a cross-motion for summary judgment, arguing the arbitration award as res judicata, foreclosing the confirmation of an award upon parties against whom no award was entered, as well as summary judgment upon Southcom's complaint for damages in the alternative.

Southcom appeals from the superior court's order (1) denying it summary judgment for the arbitrator's award as finding liability in Prolific Plastics but omitting a finding as to joint and several liability in the appellees as partners, and, on the same rationale (2) dismissing its application for confirmation of arbitration award, as amended, for failure to state a claim upon which relief may be granted against the appellees. Southcom contends, among other things,[1] that the superior court's order was error in that its application for confirmation of arbitration award, as amended, was sufficient to state a cause of action against the appellees in their capacity as partners in Prolific Plastics. We agree and reverse. *Held*:

1. In Georgia, "[j]udgments may be entered and executed against partnerships, and service of process on one or more of the partners will authorize a judgment against the partnership binding all firm assets, and individually binding the property of the partners who are

---

[1] Otherwise Southcom challenges the superior court's order (1) as entered in the absence of a motion to dismiss for failure to state a claim for want of the proper party; (2) as entered notwithstanding the undisputed allegations of its direct complaint for damages against the appellees; and, if construed to be the grant of appellees' motion for summary judgment, (3) as entered in the absence of 30 days to respond in violation of OCGA § 9-11-56 and Uniform Superior Court Rule 6.2.

served." *Atlanta Warehouses v. Housing Auth. &c.*, 143 Ga. App. 588, 594 (5) (b) (239 SE2d 387) (1977); *Newton, Inc. v. Alex*, 162 Ga. App. 664 (292 SE2d 121) (1982); *Higdon v. Williamson*, 10 Ga. App. 376 (1) (73 SE 528) (1912). "Except [as inapplicable here], all partners are jointly and severally liable for all debts, obligations, and liabilities of the partnership." OCGA § 14-8-15 (a). In this regard, we have explained that a partnership is not an entirely separate legal entity. Rather it is but " 'somewhat so; the partners, as to partnership debts, are joint contractors; and each is the agent of the other to a limited extent. When suit is brought for a debt due by the partnership, the plaintiff may hold the individual partners liable by serving them.' [Cits.]" *Atlanta Warehouses v. Housing Auth.*, supra.

It is undisputed in the record that the arbitrator's award was for Southcom and against Prolific Plastics as a partnership upon an amended demand for arbitration, served upon counsel for Prolific Plastics, identifying Prolific Plastics as such and further identifying the appellees as the partners thereof. The appellees have not in any way challenged the authority of counsel to acknowledge service on their behalf, see OCGA § 9-11-4 (e) (7) (Service may be made "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."); see also OCGA § 9-10-73 (Defendants may acknowledge service of process "by a writing signed by . . . someone authorized by [them]."). And their counsel for the arbitration is estopped from doing so. See generally *Newell v. Brown*, 187 Ga. App. 9 (369 SE2d 499) (1988). Neither is there any dispute in the record that Southcom served each of the appellees as partners by their application for confirmation of arbitration award specifically pleading therein and again by their amendment to the application that the appellees constituted the partnership Prolific Plastics. " 'Service of a partner is always good service of the firm, and notice to a partner is always notice to the firm.' *Ferry & Co. v. Mattox & Turner*, 2 Ga. App. 104, 106 (58 SE 291) (1907)." *Newton, Inc. v. Alex*, supra.

Further, although Southcom did not name Prolific Plastics as a defendant in its application for confirmation of arbitration award, dismissal on this account was unwarranted. The caption of a case or the style thereof is generally not considered to be part of the petition. *Anderson v. Bruce*, 248 Ga. App. 733, 735 (2) (548 SE2d 638) (2001). While "a plaintiff may make a caption or title of a petition a part thereof by an appropriate allegation to that effect in the body of the petition[,] the names of the parties to an action must appear either in the caption of the petition *or in the body*." (Punctuation omitted; emphasis supplied.) Id., citing *Shaef Chem. Co. v. Cook*, 106 Ga. App. 223 (126 SE2d 806) (1962). Southcom brought its demand for arbitration naming Prolific Plastics as the defendant in the caption thereof.

In seeking the judgment of the superior court confirming the arbitrator's award, Southcom named the appellees individually as defendants. However, by the body of their pleadings, the appellees clearly identified Prolific Plastics and its individual partners as party-defendants. Viewing the entirety of the pleadings, we are satisfied that the appellees were properly named as parties. See id. at 225 (complaint as whole looked to for determining whether party-defendant properly named); accord *Anderson v. Bruce*, supra at 735-736 (2); *Rowland v. Rowland*, 204 Ga. 603, 606 (3) (50 SE2d 343) (1948).

The parties having subjected themselves to arbitration, the arbitrator's award as entered against Prolific Plastics as a partnership upon notice to the appellees through counsel, the arbitrator was not required to find joint and several liability in the appellees as partners in addition to finding liability in Prolific Plastics as the partnership. *Atlanta Warehouses v. Housing Auth.*, supra; *Newton, Inc. v. Alex*, supra; *Higdon v. Williamson*, supra. Apart from the claim that confirmation of the arbitration award was improper absent a finding of joint and several liability in them by the arbitrator, the appellees do not otherwise object to the arbitration award. See OCGA § 9-9-14 (grounds warranting modification of arbitration award). It follows that judgment confirming the award of the arbitrator against Prolific Plastics as well as the appellees as its partners was not foreclosed as a matter of law. Inasmuch as the superior court ruled to the contrary, we must reverse.

2. In light of our disposition of Division 1, we need not address Southcom's remaining claims of error.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2002 —
RECONSIDERATION DENIED AUGUST 15, 2002 — ▮▮▮▮▮▮▮

*Mark D. Oldenburg, Jeffery D. Moulds*, for appellant.
*R. Keith Prater*, for appellees.