**KAO HOLDINGS, L.P., d/b/a Sebring Apartments and William Kao, Appellants,**

v.

**Annie Lee YOUNG, Appellee.**

No. 14–05–00398–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 2006.

Rehearing Overruled Jan. 25, 2007.

Michael S. Hays and Ruth Ellen Piller, Houston, for appellants.

Eric T. McFerren, Melvin Houston, Michael S. Hays, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

In this restricted appeal, Kao Holdings, L.P. d/b/a/ Sebring Apartments ("Kao Holdings") and William Kao ("Kao") appeal a default judgment entered against them on the grounds that appellee, Annie Lee Young, failed to: (1) present legally or factually sufficient evidence of damages; (2) sue and serve Kao in his individual capacity; and (3) include Kao Holdings in her motion for default judgment. We affirm in part and reverse and remand in part.

### Sufficiency of Damage Evidence

■ Appellants' first issue argues that error is apparent on the face of the record [1] because Young failed to present

---

1. To prevail on a restricted appeal, appellants must establish that: (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). Satisfaction of the first

legally or factually sufficient evidence of unliquidated damages.

■ When a default judgment is taken against a non-answering defendant on an unliquidated claim,[2] all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). Accordingly, the trial court must hear evidence on any such damages. *See* TEX.R. CIV. P. 243.[3]

■ In this case, the trial court awarded Young $2,500,000 for personal injuries and related damages, all of which are unliquidated. However, our record contains no testimony or other evidence supporting any damage award. Although Young contends that the trial court held a hearing on damages and reviewed her submitted evidence, we have no record of any hearing or any evidence being presented to the trial court.[4] Therefore, we sustain appellants' first issue.

## Suit and Service Against Kao Individually

■ Appellants' second issue contends that error is apparent from the face of the record because judgment was entered against Kao in his individual capacity even though he was not separately named individually as a defendant in the case or separately served with citation in his individual capacity.[5]

■ *Except as otherwise expressly provided by law,* a judgment may not be entered against anyone who has not been named as a defendant and served with process. *See* TEX.R. CIV. P. 124; *Werner v. Colwell,* 909 S.W.2d 866, 869 (Tex.1995). However, in a suit against a partnership (general or limited), citation may be served on any general partner of the partnership. TEX. CIV. PRAC. & REM.CODE ANN. § 17.022 (Vernon 1997); TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 1.08(a) (Vernon Supp.2006). The Texas Revised Partnership Act thus

---

three requirements is undisputed: (1) appellants filed their notice of restricted appeal on March 21, 2005, less than six months after the default judgment was entered on January 10, 2005; (2) Kao Holdings and Kao were parties to the underlying suit (in addition to being named in the judgment, Kao's status as a party is discussed in issue two); and (3) the record does not reflect that they participated in the default judgment hearing or filed a post-judgment motion on the merits or a request for findings of fact and conclusions of law. Therefore, we address only the fourth requirement, error on the face of the record.

2. A claim is unliquidated if it is not proved by a written instrument such that the amount of damages can be accurately calculated by the trial court from the instrument and the factual allegations in the plaintiff's petition. *See* TEX.R. CIV. P. 241, 243; *Atwood v. B & R Supply & Equip. Co.,* 52 S.W.3d 265, 268 (Tex.App.-Corpus Christi 2001, no pet.); *Abcon Paving, Inc. v. Crissup,* 820 S.W.2d 951, 953 (Tex.App.-Fort Worth 1991, no writ); *see also Aguilar v. Livingston,* 154 S.W.3d 832,

835 n. 5 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

3. This must include evidence of the "causal nexus" between the event sued upon and the plaintiff's damages because, by the default, the defendant admits only that it caused the event that led to the suit, not that there exists a connection between the event and the alleged damages. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 732 (Tex.1984).

4. The medical records and other documents Young provides in the appendix to her brief are not contained in our record and thus cannot be considered by this court. *WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 465 n. 23 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *see also Guajardo v. Conwell,* 46 S.W.3d 862, 864 (Tex. 2001).

5. Other than failing to separately name and serve him individually, Kao does not challenge any other aspects of the service or return of citation.

provides that, although a judgment against a partnership is not itself a judgment against any partner, "a judgment may be entered against a [general] partner who has been served with process in a suit against a partnership." TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c) (Vernon Supp. 2006).[6] The Texas Civil Practice and Remedies Code reiterates, "[c]itation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served." TEX. CIV. PRAC. & REM.CODE ANN. § 17.022.

The only Texas appeals court decision that has addressed this issue interpreted sections 3.05(c) and 17.022 to mean that a partner served with process in a suit against the partnership could be held individually liable even though he was not named or served individually with process as a defendant in the suit:

> Partners who are served are on notice that they will be personally liable for any judgment entered against the partnership. Their liability is derivative,

and they need not be named as defendants individually. This is the plain meaning of the language of these statutes.

[Therefore,] [w]e hold that Fincher, although not named as a defendant individually, when served as general partner for Yellow Ribbon, was before the trial court in his capacity as general partner and, once the partnership liability was established, a judgment could be taken against him individually.

*See Fincher v. B & D Air Conditioning & Heating Co.*, 816 S.W.2d 509, 512–13 (Tex. App.-Houston [1st Dist.] 1991, writ denied).[7] We agree that this is the plain meaning of sections 3.05(c) and 17.022. To instead construe them as requiring a partner to be separately sued and served individually in order to be held personally liable would: (1) ignore the language of section 3.05(c) authorizing a judgment against the "partner who has been served with process *in a suit against the partnership*"; and (2) further render sections

---

**6.** Neither section 3.05(c) nor 17.022 distinguish between a general partnership and limited partnership, and the Texas Revised Partnership Act applies to limited partnerships as to matters not covered by the Texas Revised Limited Partnership Act. *See* TEX.REV.CIV. STAT. ANN. art. 6132a–1, Source and Comment—Bar Committee (Vernon Supp.2006); *id.* § 13.03(a). A general partner of a limited partnership has the same liability to persons outside the partnership as a partner in a general partnership, which is joint and several liability for all debts and obligations of the partnership. TEX.REV.CIV. STAT. ANN. arts. 6132a–1, § 4.03(b), 6132b–3.04 (Vernon Supp.2006). It logically follows that in a suit against a limited partnership, as in this case, a judgment entered against the limited partnership, although it is not itself a judgment against a general partner, may also be entered against a general partner who was served with process. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.022; *Fincher v. B & D Air Conditioning & Heating Co.*, 816 S.W.2d 509, 512 (Tex.App.-Houston [1st Dist.] 1991, writ

denied); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 31.003 (Vernon 1997); TEX.REV.CIV. STAT. ANN. arts. 6132a–1, § 1.08 cmt., 6132b–3.05(c).

**7.** Decisions in other jurisdictions have varied on this issue. *See Southcom Group, Inc. v. Plath*, 257 Ga.App. 46, 570 S.E.2d 341, 342–43 (2002); *Foster Lumber Co. v. Glad*, 303 N.W.2d 815, 816 (S.D.1981); 19 ROBERT W. HAMILTON, TEXAS PRACTICE: BUSINESS ORGANIZATIONS §§ 8.9, 8.10 (Supp.2005); 17 AM. JUR 2d *Partnership* §§ 468, 495 (2003). *See generally* Steven A. Waters & Felicity A. Fowler, *Partnerships*, 46 SMU L.REV. 1631, 1644–45 (1993); Larry J. Simmons, Note, *Fincher v. B & D Air Conditioning & Heating Co.: Personal Liability of Partners not Named as Defendants*, 45 BAYLOR L.REV. 759 (1993). *But see Lava Shadows, Ltd. v. Johnson*, 121 N.M. 575, 915 P.2d 331, 334 (Ct.App.1996); *Somer & Wand, P.C. v. Rotondi*, 219 A.D.2d 340, 344, 642 N.Y.S.2d 937 (N.Y.App.Div.1996); *Fazzi v. Peters*, 68 Cal.2d 590, 68 Cal.Rptr. 170, 440 P.2d 242, 247 (1968).

3.05(c) and 17.022 mere surplusage because if that had been the intended result, it was already provided under existing law without these statutes, and their enactment would have thus been unnecessary.[8]

Despite a dissent[9] raising the same concerns as the dissent in this case, not only did the Texas Supreme Court decline review of *Fincher* (or to since disapprove it), but section 3.05(c) has since been reenacted as section 152.306(a) of the Business Organizations Code. *See* Tex. Bus. Orgs. Code Ann. § 152.306(a) (Vernon 2006).[10] Where, as here, a statute has been interpreted by a court of last resort and reenacted without substantial change, the Legislature is presumed to have been familiar with that interpretation and to have adopted it. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex.2004). Under these circumstances, we have no legal authority, rationale, or other proper basis to depart from the interpretation in *Fincher*.

In this case, Young's petition asserted a claim against Kao Holdings, identifying it as "a partnership based in Texas, [that] may be served with process pursuant to section 17.022 ... by serving William Kao, a partner of said partnership."[11] The citation was addressed "TO: KAO HOLDING L P BY SERVING WILLIAM KAO," and the officer's return on the citation shows that service was made on "William Kao." Thus, although Kao was not separately named or served as a defendant individually, his being served as a general partner of Kao Holdings brought him into the suit in his individual capacity as general partner; and a judgment against the partnership could be entered against him individually as well.[12] Appellants' second issue is therefore overruled.

---

**8.** *See, e.g., State v. Shumake*, 199 S.W.3d 279, 286–87 (Tex.2006).

**9.** *See* 816 S.W.2d at 514–15. Both dissents are premised on the notion that the partner was not individually sued or served. On the contrary, however, sections 3.05(c) and 17.022 provide that, by being served with a suit against the partnership, each partner *is* thereby individually sued and served. Kao has not challenged these provisions as unconstitutionally vague. He is therefore charged with knowledge of their content. *See, e.g., N. Laramie Land v. Hoffman*, 268 U.S. 276, 283, 45 S.Ct. 491, 69 L.Ed. 953 (1925); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n. 3 (Tex.1990). Thus, rather than violating Rule 239, as the dissent contends, these provisions are either a manner of complying with that rule or an exception to it.

**10.** Because it went into effect on January 1, 2006, the Business Organizations Code does not govern this dispute, which was filed in 2004 and in which the judgment was entered in 2005.

**11.** The dissent contends that the petition does not allege that Kao is a general partner. However, a limited partnership may be served with process only by serving a general partner or registered agent. Tex.Rev.Civ. Stat. Ann. art. 6132a-1, § 1.08(a). Therefore, by stating that Kao is a partner on whom process may be served on behalf of the limited partnership, the petition is thereby necessarily alleging that he is a general partner. By entry of the default judgment, this allegation is deemed admitted. *Holt Atherton*, 835 S.W.2d at 83.

The dissent also incorrectly states that our record contains an affidavit in which Kao states that he is the vice president of Bellevue Properties, L.L.C., the general partner of Kao Holdings. Evidence not before a trial court prior to final judgment may not be considered in a restricted appeal. *Alexander*, 134 S.W.3d at 848–49. Because it was a supplemental exhibit to Kao Holdings's post-judgment motion to waive or reduce supersedeas bond (and filed over two months after judgment was entered and thus after the court's plenary power to vacate or modify the judgment had expired) this affidavit is extrinsic evidence that was not before the trial court and that we may thus not consider. *Id.*

**12.** *See* Tex.Rev.Civ. Stat. Ann. arts. 6132b-3.04, -3.05(c); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.022; *Fincher*, 816 S.W.2d at 513.

## Motion for Default Judgment

█ Appellants' third issue claims that error is apparent on the face of the record because the trial court entered a default judgment against Kao Holdings even though Young's motion for default judgment was directed only to Kao and did not ask for a judgment against Kao Holdings.

█ Upon call of the docket, the court may grant a default judgment upon request if no answer is on file and the citation has been on file with the clerk for ten days. *See* Tex.R. Civ. P. 238, 239. There is no requirement to file a written motion in order to secure a default judgment. *See id.* Because Young was not required to file a motion for default judgment against Kao Holdings, the lack of such a motion fails to demonstrate error on the face of the record, and appellants' third issue is overruled. Accordingly, we: (1) reverse the portion of the trial court's judgment awarding damages and interest to Young and remand it for further proceedings;[13] (2) and affirm the remainder of the judgment.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

In this restricted appeal, error is apparent from the face of the record because the trial court rendered a $2.5 million default judgment against appellant William Kao, even though the petition on which the judgment was granted (1) did not name him as a defendant in the lawsuit, (2) did not assert any claims against him, (3) did not seek a judgment against him, (4) did not allege that he was a general partner of the limited partnership being sued, and (5) did not seek to hold him liable for the debts or obligations of the defendant limited partnership. Under mandatory precedent from the Texas Supreme Court, the trial court erred in rendering a default judgment that was not based on the plaintiff's live pleading. In reaching the opposite conclusion, this court bases today's holding on section 17.022 of the Texas Civil Practice and Remedies Code, article 6132b–3.05(c) of the Texas Revised Civil Statutes, and a case from a divided panel of another intermediate court of appeals. Under their unambiguous language, these statutes are not triggered unless a partner is served with citation informing the partner that he has been sued, and these statutes do not authorize a judgment against a partner in his individual capacity in a case in which the partner has not been sued. This court should reverse the default judgment as to William Kao. Because it does not, I respectfully dissent.

## BACKGROUND

In the only petition ever filed in this case, plaintiff/appellee Annie Lee Young asserted a premises-liability claim based on alleged injuries she claims to have suffered from a fall, at an unspecified time, at the Sebring Apartments. In the petition, Young sought various personal-injury damages from the following named defendants:

(1) Kao Holding, L.P. doing business as Sebring Apartments (hereinafter "Kao Holdings"),[1]

---

**13.** If a no-evidence point is sustained on appeal as to unliquidated damages awarded in a no-answer default judgment, the appropriate disposition is to remand for a new trial on the issue of unliquidated damages. *Holt Atherton Indus.*, 835 S.W.2d at 86; *Morgan*, 675 S.W.2d at 734.

**1.** The real name of this limited partnership may well be "Kao Holdings, L.P.," which is the name appellants have used in their notice of appeal and appellate briefing. However, the petition, citation, motion for default judgment, and default judgment all use the name "Kao Holding, L.P." Therefore, that name is

(2) John Doe One (1) Unknown Apartment Management Company,

(3) John Doe Two (2) Unknown Apartment Complex Owner,

(4) John Doe Three (3) Unknown Apartment Complex Owner.

Young alleged that Kao Holdings and the three "John Does" (hereinafter collectively the "Defendants") were, at all material times, the owners of the premises where she allegedly fell and was injured. Young alleged that she was an invitee at the time of the fall and that the Defendants' negligence proximately caused her personal injuries, which allegedly included a compression of the L1 vertebra and thoracic and lumbrosacral strain and sprain. In her pleading, Young sought actual and exemplary damages against the Defendants. Nowhere in the petition did Young specify the amount of damages that she sought, and nowhere did she allege that her damages were liquidated. Nowhere in her petition did Young (1) name William Kao as a defendant in the lawsuit, (2) assert any claims against him, (3) seek a judgment against him, (4) allege that he was a general partner of the limited partnership being sued, or (5) seek to hold him liable for the debts or obligations of the defendant limited partnership. The only time William Kao is mentioned in the petition is in the following sentence:

Defendant Kao Holding, L.P., a partnership based in Texas, may be served with process pursuant to Section 17.22 of the Texas Civil Practice and Remedies Code by serving William Kao, a partner of said partnership, at [address].

The only returns of service in our record reflect that a citation addressed to Sebring Apartments and a citation addressed to "Kao Holding, L.P." were served on William Kao in person on November 30, 2004.

No citation addressed to William Kao was ever requested, issued, or served. On appeal, Young "concedes that Appellant William Kao was never named or served in his individual capacity in Appellee's lawsuit." In her motion for default judgment, Young told the trial court the following:

(1) William Kao is a defendant in the case.

(2) William Kao was properly served · with process on November 30, 2004.

(3) William Kao has not filed an answer and has not appeared.

(4) The damages alleged in Young's petition are liquidated and proved by a written instrument.

(5) No hearing is necessary to establish the amount of Young's damages.

Based on the foregoing, Young asked the trial court "to enter a Default Judgment Granting [sic] the relief requested in Plaintiff's Original Petition."

The proposed default judgment Young submitted to the trial court, signed by both Young and her counsel, states the following:

(1) William Kao is a defendant in the case.

(2) William Kao was served with citation more that thirty days ago.

(3) The return of service has been on file for more than ten days.

(4) William Kao has not filed an answer.

(5) Young is awarded judgment against William Kao and against all of the Defendants in the principal amount of $2.5 million for "personal injuries and related damages," plus post-judgment interest and court costs.

The trial court signed and dated the proposed default judgment without making any changes. Although there is no indication in the record that the trial court held

used in the initial reference but the defined term "Kao Holdings" is used hereafter.

an evidentiary hearing on the default judgment or heard evidence as to the amount of Young's damages, Young asserts on appeal that an evidentiary hearing was held and not reported.

**May a trial court render a no-answer default judgment against a person who is not a defendant in the case?**

The trial court rendered a no-answer default judgment under Texas Rule of Civil Procedure 239. *See* TEX.R. CIV. P. 239. If the citation and proof of service have been on file for ten days exclusive of the day of filing and day of judgment, this rule allows a plaintiff to take a default judgment against a "defendant" who is required to answer but has not done so. In a civil proceeding, a defendant is "[a] person sued." BLACK'S LAW DICTIONARY 450 (8th ed.2004). Given that the only pleading in this case does not name William Kao as a defendant, assert a claim against him, or seek a judgment against him, William Kao has not been sued in this case and is not a "defendant." *See id.* Therefore, there is no authority under Rule 239 to render a no-answer default judgment against William Kao. *See* TEX.R. CIV. P. 239. This rule is consistent with a bedrock principle of Texas jurisprudence—no court can grant relief against a person or entity that is not a party to the litigation. *See Werner v. Colwell,* 909 S.W.2d 866, 869–70 (Tex.1995) (holding trial court erred in granting judgment against a person as trustee of an ERISA plan because that person was never named as a party defendant); *see also In re TXU Elec. Co.,* 67 S.W.3d 130, 143 (Tex.2001) (Baker, J., concurring) (stating that there is a bedrock principle in Texas jurisprudence that no court can grant relief against a person or entity that is not a party to the litigation).

To support its analysis, the majority relies on Texas Rule of Civil Procedure 124, entitled "No Judgment Without Service." [2] *See ante* at p. 507. The majority notes that, although this rule generally requires a person to be named as a defendant and served with process before a judgment may be rendered against the person, this rule does not apply "where otherwise expressly provided by law." TEX.R. CIV. P. 124; *see ante* at p. 507. The majority indicates that the two statutes upon which it relies "expressly" provide that judgment may be rendered against a general partner of a partnership even though that partner has not been named as a defendant and served with process. *See ante* at p. 507 (citing TEX. CIV. PRAC. & REM.CODE § 17.022 and TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c)). However, as explained more fully below, neither of these statutes expressly states that judgment may be rendered against a general partner of a partnership even though that partner has not been named as a defendant and served with process. *See* TEX. CIV. PRAC. & REM.CODE § 17.022 (Vernon 1997); TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c) (Vernon Supp 2006).

Error is apparent on the face of this record because, although the petition does not make William Kao a party to this litigation, the trial court rendered a $2.5 million default judgment against him.[3]

---

**2.** The majority also cites *Werner,* but *Werner* states that (1) "Judgment shall not be rendered against one who was neither named nor served as a party defendant"; and (2) "An exception exists when a person waives service by making a general appearance before the court." *Werner,* 909 S.W.2d at 869–70.

Therefore, *Werner* does not support the majority's analysis.

**3.** The majority relies heavily on *Fincher v. B & D Air Cond. & Heating Co.,* 816 S.W.2d 509 (Tex.App.-Houston [1st Dist.] 1991, writ denied); however, *Fincher* did not involve a default judgment or Texas Rule of Civil Proce-

**May a trial court grant a default judgment based on a claim that has not been pleaded?**

Since at least 1858, it has been a bedrock principle of Texas law that a trial court errs if it grants a default judgment on a claim that is not contained in the pleadings. *See Stoner v. Thompson*, 578 S.W.2d 679, 683–84 (Tex.1979). For Young's pleading to sufficiently state a claim against William Kao, the four corners of the petition itself must enable a court to ascertain with reasonable certainty the elements of her claim against William Kao and the relief sought, with sufficient information upon which to base a judgment. *See id.* Though mere formalities, minor defects, and technical insufficiencies will not invalidate a default judgment, the petition on which it was based must state a claim and give "fair notice" to the opposing party of the relief sought. *See id.* After examining the four corners of the petition, there is no hint of any claim, judgment, or relief sought by Young against William Kao. Nothing in the petition provides fair notice—indeed, any notice—that Young is asserting a claim or seeking a judgment against William Kao. Though Young included a general prayer in her petition, the Texas Supreme Court has held that a general prayer cannot be used as a basis to affirm a default judgment awarding relief on an unpleaded claim. *See id.* Even liberally construing all of the petition's allegations in Young's favor and deeming them to be true, there is nothing in the petition that would support a judgment against William Kao. Therefore, under longstanding precedent, the trial court erred in granting a default judgment against William Kao based on a

claim not contained in Young's petition. *See id.*

The majority acknowledges that Young's petition does not assert a claim against William Kao individually, but the majority does not address the requirement that the default judgment be based on the claims asserted in the petition. Young's motion for default judgment requested a "Default Judgment [g]ranting the relief requested in [Young's] Original Petition." But the default judgment Young submitted and the trial court signed went far beyond the relief requested in the petition and granted a multi-million dollar judgment against a person who was not a defendant. Under well-established Texas law, the trial court erred in rendering a default judgment on a claim that was not contained in any pleading. *See id.* (holding that trial court erred in granting a default judgment awarding $50,000 in actual damages to a party whose pleading did not allege monetary damage or seek a money judgment). On this basis alone, the judgment should be reversed. **Does section 17.022 of the Texas Civil Practice and Remedies Code allow a plaintiff to obtain a default judgment against a nonparty on an unpleaded claim?**

This court states that William Kao is a general partner in Kao Holdings and that being served as an agent for service of process with citation addressed to the limited partnership (Kao Holdings) in and of itself makes William Kao a defendant in his individual capacity. There are several problems with this analysis. First, the petition states only that Kao Holdings may be served by serving William Kao, who is allegedly "a partner of said partnership." The petition never alleges that William Kao is a general partner.[4]

dure 239. *See Fincher*, 816 S.W.2d at 511–14.

4. In fact, our record contains an affidavit from William Kao in which he states that he

Even presuming that William Kao were the general partner of Kao Holdings, thus making him a proper agent for service of process for Kao Holdings, there is still the issue of how service on William Kao of process addressed to Kao Holdings and a petition that asserts no claims against William Kao can transform William Kao into a party to the lawsuit. The majority cites section 17.022 of the Texas Civil Practice and Remedies Code, entitled "Service on Partnership," to support this notion that the act of serving process can somehow amend the petition that is being served. *See* Tex. Civ. Prac. & Rem.Code § 17.022.

Section 17.022 is in a subchapter entitled "Citation Generally" and states in its entirety as follows:

> § 17.022. Service on Partnership
>
> Citation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served.

Tex. Civ. Prac. & Rem.Code § 17.022.

As a threshold matter, this court should examine the text of the statute and determine if it is ambiguous. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 217 (Tex. 1999). If the meaning of the statutory language is unambiguous, the court should adopt the construction supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997). A "citation" is directed to the defendant, telling the defendant that it has been sued and commanding the defendant to appear and answer the opposing party's claims. *Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex.2002). "Service of citation" is a term of art that describes the formal process by which a party is informed that it has been sued. *Id.* Section 17.022 does not even come

into play unless there has been service of citation on a partner in a partnership. *See* Tex. Civ. Prac. & Rem.Code § 17.022. For there to have been service of citation on a partner, there must have been service of a citation addressed to a partner that informs the partner that he has been sued and commands the partner to appear and answer the opposing party's claims. *Texas Natural Res. Conservation Comm'n*, 70 S.W.3d at 813. Section 17.022 states that if a partner is served with citation informing the partner that he has been sued, then service of citation is not also necessary as to the partnership. The language in section 17.022 was first enacted by the Texas Legislature in 1925. *See* Vernon's Ann. Civ. Stat. of 1925 art.2033. At that time partnerships were not separate entities and could not be sued under Texas law; the only way that partnership assets could be reached was by suing the individual partners and serving at least one of them with citation. *See, e.g., Glasscock v. Price*, 92 Tex. 271, 47 S.W. 965, 966 (1898) (stating that at common law a partnership is not a legal entity and cannot sue or be sued and noting that "[i]n some states statutes have been enacted authorizing suits to be brought by or against partnerships in their firm names, thus recognizing them as persons, in a qualified sense, but our statutes do not go so far. They merely provide that, when the partners are sued, service upon one of them will authorize a judgment against the one served and against the firm ..."); *McFaddin, Wiess & Kyle Land Co. v. Tex. Rice Land Co.*, 253 S.W. 916, 926 (Tex.Civ.App.-Beaumont 1923) (stating that "[i]t is well settled in Texas that a partnership is not a separate entity" and that "[h]aving no legal existence, a partnership, as such, can neither sue nor be sued, nor can a judgment be rendered for or against it ... the property

is the vice president of Bellevue Properties, L.L.C., the general partner of Kao Holdings.

of the firm may be reached by suit against all partners and service upon at least one"), *aff'd, Tex. Rice Land Co. v. McFaddin, Wiess & Kyle Land Co.*, 265 S.W. 888 (Tex. Comm'n. App.1924, judgm't adopted).

Under its unambiguous language, (1) section 17.022 is not triggered unless a partner is served with citation informing the partner that he has been sued and (2) section 17.022 does not authorize a court to render judgment against a partner in his individual capacity in a case in which the partner has not been sued. Our record shows that William Kao was not sued or served with citation but that Kao Holdings was sued and served with citation. Because there has been no service of citation on any alleged partner of Kao Holdings, section 17.022, under its unambiguous language, does not apply to this case.

Furthermore, even if this statute were found to be ambiguous, in a proper analysis this court would then consider the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, former statutory provisions, and the consequences of a particular construction. *See In re Sullivan*, 157 S.W.3d 911, 916 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding [mand. denied]). The object sought to be attained by this statute is to show how service of process works in the situation in which a person seeks a judgment binding on partnership assets but cannot sue the partnership because it is not recognized as a separate legal entity, which were the circumstances under which the statute was enacted. The statute shows that, by suing one or more of the partners and serving at least one partner with a citation addressed to the partner, the judgment will bind the partnership assets. Research reveals no available legislative history for this statute, but

viewing the statute in the proper context, it is clear that the majority's construction of it yields consequences the drafters could not have intended.

Today's holding allows a trial court to render a default judgment based on a claim not pleaded in the petition and without notice to the partner served as agent for service of process for the partnership that he has been sued and that a personal judgment may be entered against him. Therefore, the majority's construction undermines important and longstanding Texas policies, and the other construction supports them. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex.1973) (stating that Texas has strong and longstanding policies requiring default judgments to be based on (1) claims particularly pleaded in the petition, (2) a showing of service of process, and (3) notice to the defendant that a personal judgment may be entered against him). Therefore, even if this statute were ambiguous, the relevant factors would militate against adopting the majority's construction.

**Does article 6132b–3.05(c) of the Texas Revised Civil Statutes allow a plaintiff to obtain a default judgment against a nonparty on an unpleaded claim?**

The majority also relies on article 6132b–3.05(c) of the Texas Revised Civil Statutes. *See* TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c). This statute states in its entirety as follows:

A judgment against a partnership is not by itself a judgment against a partner, but a judgment may be entered against a partner who has been served with process in a suit against the partnership.

TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c). If the meaning of the statutory language is unambiguous, this court should adopt the construction supported by the plain meaning of the provision's words. *Agbor*, 952 S.W.2d at 505. Under the unambiguous

language of this statute, the partner must have been served with process informing the partner that he has been sued in a case in which the partnership also has been sued. *See Texas Natural Res. Conservation Comm'n,* 70 S.W.3d at 813. A United States District Court in Texas has construed this statute as requiring a partner to be "individually served with process in order to be bound in his individual capacity". *RTC v. Bonner,* 848 F.Supp. 96, 100 (S.D.Tex.1994) (basing court's conclusion that an agreement tolling limitations as to claims against a partnership did not toll claims against the individual partners of that partnership in part on art. 6132b–3.05(c)).

The phrase "a partner who has been served with process in a suit against the partnership" means a partner who has been served with process informing the partner that he has been sued in a case in which the partnership also has been sued. *See Texas Natural Res. Conservation Comm'n,* 70 S.W.3d at 813. The majority asserts that this construction ignores the language of section 3.05(c). *See ante* at p. 508. On the contrary, this construction gives meaning to Section 3.05(c)'s unambiguous language.

The majority also states that construing section 17.022 and section 3.05(c) so that they mean something that would be true even if these sections were not enacted would render these statutes unnecessary and surplusage. Courts generally prefer, if possible, to refrain from treating any statutory language as surplusage. *See, e.g., Continental Cas. Ins. Co. v. Function-*

*al Res. Assocs.,* 19 S.W.3d 393, 402 (Tex. 2000). However, legislatures often enact statutes to codify already existing common-law rules or constitutional mandates. Though courts generally seek to construe statutes or parts thereof so that they will not be redundant of other statutes, this goal is not always attainable. For example, this approach may not be possible in the construction of a uniform statute regarding partnerships that may restate partnership principles that already are generally applicable under other statutes, rules, or case law.[5] In *In re City of Georgetown,* the Texas Supreme Court rejected an argument that its construction rendered statutory language surplusage and construed a statute to say the same thing three times. *See* 53 S.W.3d 328, 335–36 (Tex.2001). The Texas Supreme Court concluded that the Legislature repeated itself out of an abundance of caution and for emphasis. *See id.* Furthermore, if the majority is correct that a statute should not be construed to mean something that already was true under some other statute or rule of law, then the court's construction of section 3.05(c) also violates this principle because it construes this section to mean what already was true under section 17.022 of the Civil Practice and Remedies Code.

In addition, even if section 3.05(c) were found to be ambiguous, the proper course to determine its meaning would be to consider the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, former statutory provisions, and the consequences

---

**5.** For example, section 2.01 states that a partnership is a legal entity distinct from its partners. *See* Tex.Rev.Civ. Stat. Ann. art. 6132b–2.01 (Vernon Supp.2005). This being so, it is unnecessary to state that a judgment against the partnership is not a judgment against the partners or that a partnership may sue in its own name; however, that is exactly what

section 3.05 says. *Compare* Tex.Rev.Civ. Stat. Ann. art. 6132b–2.01 *with* Tex.Rev.Civ. Stat. Ann. art. 6132b–3.05(c). Despite this redundancy, the language of section 3.05 still has meaning, and courts should not seek to ascribe some other meaning to these parts of section 3.05 to avoid treating them as surplusage.

of a particular construction. *See In re Sullivan*, 157 S.W.3d at 917. The object sought to be attained by this statute appears to be stating that a judgment must be taken against a partner individually to enforce a partnership obligation against that partner's individual assets. The statute shows that, by suing one or more of the partners and serving at least one partner with a citation addressed to the partner, the judgment will bind the individual assets of the partners served with process. The only legislative history from this statute that bears on the issue at hand is from the bar committee that drafted section 3.05(c) and the entire Texas Revised Partnership Act. This committee stated that "[s]ubsection (c) provides that a judgment against the partnership is not, standing alone, a judgment against any of the partners, but that a judgment may be entered against any partner who has been served with process in the same suit." Tex.Rev. Civ. Stat. Ann. art. 6132b–3.05(c) & cmt. (emphasis added). By using "any" and indicating there may be more than one, the bar committee apparently did not consider service of process on the partner to mean service with process directed to the partnership. If the process in question were process directed to the partnership, then it would not be served on more than one partner. The majority's construction of this statute permits a trial court to render a default judgment based on a claim not pleaded in the petition and without notice to the partner served as agent for service of process for the partnership that (1) he has been sued and (2) a personal judgment may be rendered against him. Therefore, the majority's construction violates longtime Texas policies, and the other construction supports them. *See Whitney*, 500 S.W.2d at 97 (stating that Texas has strong and longstanding policies requiring default judgments to be based on (1) claims particularly pleaded in the petition,

(2) a showing of service of process, and (3) notice to the defendant that a personal judgment may be entered against him). Even if this statute were ambiguous, evaluation of the relevant factors would weigh against the majority's construction.

**Is this court free to decide on its own the proper construction of the statutes at issue?**

The majority concludes that this court is bound by the decision of a divided panel of the First Court of Appeals in *Fincher* and that this court has no legal authority or other proper basis to rule differently from the *Fincher* court under a principle stated in *Texas Department of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex.2004). *See ante* at pp. 508–09; *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex.2004); *Fincher v. B & D Air Cond. & Heating Co.*, 816 S.W.2d 509, 512–14 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Under this principle, "[i]f an ambiguous statute that has been interpreted by a court of last resort or given a longstanding construction by a proper administrative officer is re-enacted without substantial change, the Legislature is presumed to have been familiar with that interpretation and to have adopted it." *Mega Child Care, Inc.*, 145 S.W.3d at 176. This principle applies to ambiguous statutes and opinions from courts of last resort. *Id.* Because the majority concludes that the statutes in question are unambiguous, the majority errs in applying this principle. *See id.* Likewise, because the First Court of Appeals is not a court of last resort, the majority errs in concluding that, by declining to exercise discretionary review of that court's decision in *Fincher*, the Texas Supreme Court has interpreted section 17.022 and section 3.05(c). *See supra* at pp. 508–09. The Texas Supreme Court's

denial of the application for a writ of error in *Fincher* means that the Texas Supreme Court was not satisfied that the *Fincher* opinion declared the law correctly in all respects but was of the opinion that the application for writ of error presented no error of law which required reversal or which was of such importance to Texas jurisprudence as to require correction. *See In re T.L.C.*, 948 S.W.2d 41, 45 n. 3. (Tex.App. Houston [14th Dist.] 1997, no pet.); *see also* Tex.R.App. P. 56.1(b)(1). We do not know what issues were presented in the application for writ of error in *Fincher*, and even if the petitioner challenged the intermediate court's construction of section 17.022 and section 3.05(c), the Texas Supreme Court may have disagreed with this construction but determined that the error was not sufficiently important to Texas jurisprudence to require correction. *See id.* For this reason, the Texas Supreme Court's denial of review in *Fincher* does not give any indication of the Texas Supreme Court's view of the merits of the issues decided by the First Court of Appeals in *Fincher* and does not convert *Fincher* into a Texas Supreme Court precedent. *See Loram Maintenance of Way, Inc. v. Ianni*, 210 S.W.3d 593, 595–96, No. 04–0666, 2006 WL 1791692, at *2 (Tex. June 30, 2006) (holding that Texas Supreme Court's declining to review a case is not evidence that the high court agrees with the opinion of the court of appeals and gives no indication of the high court's views on the issues decided therein); *Matthews Const. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 n. 2 (Tex.1990) (same).

In sum, the statutes in question are not ambiguous, and they have never been in-terpreted or construed by a court of last resort or given longstanding construction by a proper administrative officer. Therefore, the principle upon which the majority relies does not apply. *See Mega Child Care*, 145 S.W.3d at 176. There are no decisions from the Texas Supreme Court or this court regarding the statutory construction issues raised in the court's analysis of the second issue. Therefore, this court is free to decide on its own which is the better construction of section 17.022 and section 3.05(c).[6] *See, e.g., In re T.L.C.*, 948 S.W.2d at 44–45 (disagreeing with and refusing to follow statutory interpretation from opinion of Texas intermediate court in which Texas Supreme Court had denied writ and agreeing with statutory interpretation from opinion of other Texas intermediate court in which no application for writ was filed).

**Does caselaw permit a plaintiff to obtain a default judgment against a nonparty on an unpleaded claim?**

The authorities from other courts and from other jurisdictions cited in the majority opinion do not provide strong support for today's holding.

### *Fincher v. B & D Air Cond. & Heating Co.*

This court relies primarily on *Fincher*, which research indicates is the only Texas case that supports the majority's construction of section 17.022. *See* 816 S.W.2d at 512–14. In *Fincher*, a majority of the court held that a partner in a Texas general partnership, though not named individually as a defendant, could be held individually liable because he was served with citation on behalf of the partnership. *See id.* In *Fincher*, the plaintiffs sued Fincher

---

6. The majority also states that the Texas Supreme Court has not disapproved of the *Fincher* court's construction of the statutes in question; however, inasmuch as the Texas Supreme Court has never addressed these issues, this failure to disapprove hardly informs the analysis.

as a party in his capacity as trustee of Yellow Ribbon Enterprises, one of the entities being sued, but not in his individual capacity. During trial, it was established that Fincher, individually, was a general partner of one of the property owners being sued. After the trial had concluded, the trial court allowed the plaintiffs to amend their pleadings to state that "all of their claims ... were being alleged against ... Fincher, individually as well as in his capacity as Trustee." More than two months after the trial, the court entered judgment granting relief against Fincher, both as a trustee and in his individual capacity. With virtually no analysis, the *Fincher* court concluded:

> Partners who are served are on notice that they will be personally liable for any judgment entered against the partnership. Their liability is derivative, and they need not be named as defendants individually. This is the plain meaning of the language of these statutes.

*Id.* at 512. Although the *Fincher* majority cited other statutes, it appears that it based its statement that partners need not be named as defendants solely on section 17.022. *See id.* at 512–14. The *Fincher* majority did not explain why it concluded that this construction was the unambiguous meaning of section 17.022. *See id.* It did not examine the meaning of "service of citation," and it did not examine the bedrock principles that a trial court may not render a judgment against any person not sued or base a judgment on any unpleaded claims. *See id.* The *Fincher* court held that "Fincher, although not named as a defendant individually, when served as general partner for Yellow Ribbon, was before the trial court in his capacity as general partner and, once the partnership liability was established, a judgment could be taken against him individually." *Id.* at 513.

The dissent in *Fincher* pointed out what, in Texas jurisprudence, would seem obvious and fundamental:

> The trial court erred when it granted judgment against Fincher *individually,* when Fincher was not named *individually* as a defendant until *after* the trial was completed.

*Id.* at 514 (Mirabal, J., dissenting). The *Fincher* dissent correctly pointed out that general partners who receive service of process for the partnership in a suit in which the partners are not being sued are not put on notice that they are being sued individually and that judgment may be rendered against them individually if they do not file an answer. *Id.* at 514–15. Though the *Fincher* majority candidly acknowledged the lack of any cases that condone the rendition of judgment against a party who made no appearance in the case and was not named as a defendant until after the trial was over, it nevertheless concluded that "because it was not necessary to name Fincher individually, ... the trial court did not abuse its discretion in allowing the trial amendment." *Id.* at 514. The *Fincher* majority erroneously construed section 17.022 and erroneously concluded that this provision authorizes judgment against a nonparty based on an unpleaded claim. This court should not make the same mistake.

### Southcom Group, Inc. v. Plath

As additional support for its conclusion that a partner may be held personally liable even if not sued and not served with citation addressed to the partner, the court cites *Southcom Group, Inc. v. Plath,* a decision from the Court of Appeals of Georgia. 257 Ga.App. 46, 570 S.E.2d 341 (2002). In *Plath,* a corporation served a demand for arbitration on an agent of the partnership and its partners, asserting claims for breach of contract. *Id.* at 342.

The partnership and its partners were parties to the arbitration. *Id.* After a hearing, an arbitration award was rendered in favor of the corporation and against the partnership but not against the partners. *Id.* The *Plath* court also concluded that, in its application for a judgment confirming the award, the corporation served and named as a defendants the partnership and the partners. *Id.* at 342–43. The corporation sought a judgment against the partnership and the partners; however, the trial court ruled that the corporation could not obtain a judgment against the partners because the award was only against the partnership. *Id.* at 342. The *Plath* court reversed and held that the arbitration award authorized a judgment against the partners because they were parties to the arbitration and the demand for arbitration was served on their agent. *Id.* at 342–43. Concluding that, under Georgia law, it did not matter that the arbitration award did not find that the partners were joint and severally liable for the obligation, the *Plath* court awarded the corporation recovery against the partners. *Id.* Unlike Texas, Georgia has not adopted the Revised Uniform Partnership Act. *See* TEX.REV.CIV. STAT. ANN. art. 6132b cmt. (Vernon Supp.2005). The *Plath* court's holding is contrary to section 3.05(c) of the Texas Revised Partnership Act, which states that a judgment against a partnership is not a judgment against the partners. *See* TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c). Furthermore, the *Plath* court does not hold or state that a partner may be held personally liable even if not sued and not served with citation addressed to the partner. *See id.* at 342–43. Therefore, *Plath* does not support the court's analysis.

### Foster Lumber Co., Inc. v. Glad

As additional support for its conclusion that a partner may be held personally liable even if not sued and not served with citation addressed to the partner, the court cites *Foster Lumber Co. v. Glad,* a decision from the Supreme Court of South Dakota. 303 N.W.2d 815 (S.D.1981). In *Glad,* one partner in a partnership was served with process and the other was not. *Id.* at 816. The unserved partner appealed from a default judgment rendered against him by the trial court; the partner who was served did not appeal the default judgment against him. *Id.* The *Glad* court held that the trial court erred in granting a default judgment against the partner who was not served. *Id.* There was no issue as to whether a partner may be held personally liable even if not sued and not served with citation addressed to the partner, and the *Glad* court did not state that this could be done under South Dakota law. *Id.* Therefore, *Glad* does not support the court's analysis.

### Contrary Cases

The majority appropriately cites three cases that are contrary to today's analysis. In *Somer & Wand, P.C. v. Rotondi,* the New York intermediate appellate court bases one holding on an analogy to New York partnership law, which it states requires partners to be individually named and served with process before they can be held liable for partnership obligations. 219 A.D.2d 340, 344, 642 N.Y.S.2d 937 (1996). Although the statement in this case is dicta, the New York court cites other cases with holdings to the same effect. *See id.* In *Lava Shadows, Ltd. v. Johnson,* the New Mexico Court of Appeals held that serving a general partner of a limited partnership with pleadings that did not name the partner individually as a party did not allow the trial court to render judgment against the general partner in his individual capacity. 121 N.M. 575, 915 P.2d 331, 332–34 (Ct.App.1996).

The court noted the fundamental principle that a judgment may not be rendered against one who is not a party to the lawsuit. *See id.* The court also noted that partnerships are entities distinct from the partners, so that suing and serving a partnership through its general partner should not make the general partner a party. *See id.* The court construed a statute with language similar to section 3.05(c) as referring to service of process addressed to the partner in his individual capacity. *See id.* The holding of the *Lava Shadows* court is contrary to *Fincher* and to today's holding. Likewise, the Supreme Court of California has held that a judgment cannot be rendered against a partner served with process in a case in which the partner was not named as a party. *See Fazzi v. Peters,* 68 Cal.2d 590, 68 Cal.Rptr. 170, 440 P.2d 242, 243–47 (1968). The *Fazzi* court based its statutory construction mainly on "the seemingly self-evident proposition that a judgment in personam may not be entered against one not a party to the action." *Id.* at 243.

In sum, although the majority appears to indicate that the states are split on the issue at hand, there are several cases from other states that strongly contradict the majority's analysis. The only holding that supports it is *Fincher,* which is unconvincing for the reasons stated above.

The trial majority rendered a $2.5 million default judgment against William Kao, even though the petition on which the judgment was granted (1) did not name him as a defendant in the lawsuit, (2) did not assert any claims against him, (3) did not seek a judgment against him, (4) did not allege that he was a general partner of the limited partnership being sued, and (5) did not seek to hold him liable for the debts or obligations of the defendant limited partnership. Under mandatory precedent from the Texas Supreme Court, the trial court erred in rendering a default judgment that was not based on the plaintiff's live pleading. Furthermore, the trial court's judgment violates Texas Rule of Civil Procedure 239 as well as a bedrock principle of Texas jurisprudence, both of which require individuals and entities to be parties to the litigation before default judgments may be rendered against them. Under the unambiguous language of section 17.022 of the Texas Civil Practice and Remedies Code and article 6132b-3.05(c) of the Texas Revised Civil Statutes, these provisions are not triggered unless a partner is served with citation informing the partner that he has been sued, and these statutes do not authorize a court to render judgment against a partner in his individual capacity in a case in which the partner has not been sued. Even if these statutes were ambiguous, the object sought to be attained, the circumstances under which the statutes were enacted, former statutory provisions, and the consequences of the particular statutory construction would mitigate against adopting the majority's construction. The three cases on which the majority relies are not binding on this court and are not convincing. Because error is apparent from the face of the record, this court should sustain William Kao's second issue and reverse the default judgment against him.